SAMUEL GOLDMAN, as Administrator, etc., of MORRIS GOLD-
MAN, Deceased, Respondent, v. LANIGAN BROTHERS, INC.,
Appellant.

First Department, January 10, 1919.

**Negligence — action for death of boy who suddenly ran into street
and was struck by automobile truck — doctrine of last chance not
applicable — contributory negligence.**

Where in an action for the death of a boy fourteen years old killed in the
street, while in the act of catching a pitched ball, by an automobile truck
belonging to the defendant and in charge of its chauffeur, it appeared
that while the truck was moving at about eight miles per hour, the boy,
who was upon the curb, *suddenly* ran out into the street and just as he
caught the ball was struck by the truck, although the chauffeur endeavored
to avoid him, but was unable to do so, the doctrine of the last chance
was not applicable, and, hence, it was reversible error for the court to
charge, in effect, that where a person has put himself in danger, though
negligently, and the defendant having full notice of the fact should have
turned out and negligently did not, that then the boy's negligence would
not defeat the action.

This is a plain case of negligence, and the boy's freedom from contributory
negligence must be found in order to authorize a recovery.

APPEAL by the defendant, Lanigan Brothers, Inc., from
a judgment of the Supreme Court in favor of the plaintiff,
entered in the office of the clerk of the county of New York
on the 18th day of May, 1918, upon the verdict of a jury
for $2,000, and also from an order entered in said clerk's
office on the 3d day of June, 1918, denying defendant's motion
for a new trial made upon the minutes.

*William Dike Reed,* for the appellant.

*Leon Sanders* of counsel [*Jacob Zelenko* with him on the brief],
for the respondent.

SMITH, J.:

The decedent, Morris Goldman, a boy fourteen years old,
was killed while in the act of catching a pitched ball in the
center of the block on Beck street, in the borough of The
Bronx.    He was killed by an automobile truck belong-

ing to the defendant, and in charge of the defendant's servant. The chauffeur was moving along at about eight miles an hour with his truck when some one who had thrown a ball called to this boy to catch it. The boy was upon the curb. There is some question whether he was on the east or west curb. Suddenly the boy ran out into the street, held up his hand and just as he caught the ball he was struck by the defendant's automobile. The chauffeur endeavored to avoid him by swinging in to the left, but he was unable to avoid him and the accident occurred.

In charging the jury the court said: " They say that it was the duty of the driver, if he had exercised ordinary care and ordinary prudence, seeing him there, to stop his car, or to turn out, and that is true whether the boy was careless or not, in being in that place. If the driver saw him in a place of danger, in front of him, when he was a sufficient distance away from the place of the accident to have checked his car, or to have turned out, to avoid the accident, he was bound to avoid the accident. If he saw the boy there, had an opportunity to see him, it was his duty to stop the car and to avoid an accident, and if, having that opportunity, he omitted to act as a prudent man would, omitted to stop his car or omitted to turn out and thus avoid the accident, then he was guilty of negligence, and the defendant is liable, even though the boy was guilty of negligence in getting in a place of danger where he was, because the law is that even when a person puts himself in a dangerous place by reason of his own negligence, if after he is in a place of danger a drive comes along with ample opportunity to avoid an accident to the person in danger, he is bound to do it, and he is liable if he does not do it." At the close of the charge the defendant's counsel said: " Your Honor said something to the effect that if the driver could have seen the boy, and if he had a reasonable opportunity to avoid the boy, the defendants are liable, even though the boy was guilty of negligence. I except to that, upon the ground that the doctrine of the last chance does not apply to the issues in this case. The Court: Are you satisfied with that part of the charge? Mr. Sanders: I am. Mr. Reed: On the ground that it does not apply to this case. The Court: I understand." This exception was

clearly good. There is no evidence in this case to which this doctrine can apply. It seems very clear that the boy ran out suddenly, and there was no such situation as would make applicable the rule that where a person has put himself in danger, though negligently, and the defendant having full notice of the fact, should have turned out and negligently did not, that then the boy's negligence would not defeat the action. This is a plain case of negligence. The boy's freedom from contributory negligence must be found in order to authorize a recovery, and this was not a case for the application of the rule stated; therefore, the court erred in charging the jury to that effect, and for that error the judgment and order must be reversed and a new trial granted, with costs to the appellant to abide the event.

DOWLING, LAUGHLIN, PAGE and SHEARN, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.