JOSEPH WOLOSZYNOWSKI, as Administrator of the Estate of LEO WOLOSZYNOWSKI, Deceased, Respondent, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

(Argued June 13, 1930; decided July 8, 1930.)

*Warnick J. Kernan* and *Willis D. Morgan* for appellant. There was no actionable negligence on the part of defendant, and the refusal of the trial court to nonsuit was error. (*Nelson* v. *Lake Shore & M. S. Ry. Co.*, 185 App. Div. 174.) Intestate was guilty of negligence, as matter of law, which contributed to the accident. (*Nelson* v. *Lake Shore & M. S. Co.*, 185 App. Div. 174.) The case is not one for the application of the doctrine of the last clear chance. (*McKeon* v. *Steinway Ry. Co.*, 20 App. Div. 601; *Austin* v. *New Jersey Steamboat Co.*, 43 N. Y. 75; *Weitzman* v. *Nassau Electric R. R. Co.*, 33 App. Div. 585; *Johnson* v. *Interborough Rapid Transit Co.*, 192 App. Div. 639; *Sweeney* v. *New York Steam Co.*, 15 Daly, 312; *Bragg* v. *Central New England Ry. Co.*, 228 N. Y. 54; *Gibbs* v. *Ill. Cent. R. R. Co.*, 123 N. W. Rep. 186.)

*Arthur J. Foley* for respondent. The question of defendant's negligence was properly one of fact for the jury to

determine. (*Palmer* v. *N. Y. C. & H. R. R. R. Co.*, 112 N. Y. 234; *Spitzer* v. *N. Y. C. R. R. Co.*, 211 App. Div. 334; *Pruey* v. *N. Y. C. & H. R. R. R. Co.*, 41 App. Div. 158; 166 N. Y. 616; *Martin* v. *Herzog*, 228 N. Y. 164.) The doctrine of last clear chance should be applied in this case. (*Bragg* v. *Central N. E. Ry. Co.*, 228 N. Y. 54; *McKeon* v. *Steinway R. Co.*, 20 App. Div. 601; *Weitzman* v. *Nassau Electric R. R. Co.*, 33 App. Div. 585; *Johnson* v. *Interborough Rapid Transit Co.*, 192 App. Div. 639; *Austin* v. *New Jersey Steamboat Co.*, 43 N. Y. 76; *McDade* v. *International Ry. Co.*, 235 N. Y. 11; *Bisogno* v. *N. Y. Rys. Co.*, 194 App. Div. 316; *Spitzer* v. *N. Y. C. R. R. Co.*, 211 App. Div. 332.)

CARDOZO, Ch. J.  The action is one to recover damages resulting in death.

The boy struck by the defendant's engine went upon the tracks after the lowering of the gates, and stood there in the path of the train and within the overhang of the engine without looking to the right or left.

He was without privilege to be there (*Nelson* v. *Lake Shore & M. S. Ry. Co.*, 185 App. Div. 174; *Hatch* v. *Lake Shore & M. S. Ry. Co.*, 219 N. Y. 650; *Keller* v. *Erie R. R. Co.*, 183 N. Y. 67), for the defendant in effect had given notice to him and to all others that until the raising of the gates the exclusive use of the crossing would be required for the trains.

In such circumstances a recovery in favor of the plaintiff, if sustainable at all, must rest upon the doctrine of " the last clear chance."

The doctrine of the last clear chance, however, is never wakened into action unless and until there is brought home to the defendant to be charged with liability a knowledge that another is in a state of present peril, in which event there must be reasonable effort to counteract the peril and avert its consequences (*Wright* v. *Union Ry. Co.*, 224 App. Div. 55; 250 N. Y. 526).  Knowledge

may be established by circumstantial evidence, in the face even of professions of ignorance (cf. *Bragg* v. *Central New England Ry. Co.*, 228 N. Y. 54), but knowledge there must be, or negligence so reckless as to betoken indifference to knowledge.

In the case at hand there is no reasonable basis for a finding that the boy was seen until he was within 160 or 200 feet of the defendant's engine. The fireman and brakeman, who then saw him, shouted a warning to the engineer, who at once applied the air brakes, but too late. The argument for the plaintiff is that in such an emergency the fireman and brakeman, instead of shouting to another, should have jumped across the cab and applied the brakes themselves, with the saving of some precious seconds. Probably such a course would have been wiser than the one followed, though it would have involved the assumption of duties which in the business of railroading are committed to the engineer alone. At most, however, there was an error of judgment in an emergency so sudden and immediate that seconds made a difference (*Maguire* v. *Barrett*, 223 N Y. 49, 55; *Lewis* v. *Long Island R. R. Co*, 162 N. Y. 52, 62). Brakeman and fireman did not stand by inert and callous, unwilling to do anything. They did the thing that suggested itself in the excitement of the moment as appropriate and natural. In the light of the wisdom that follows the event, we can see that the outcome might have been better if they had done something else. That is not enough (*Rider* v. *Syracuse R. T. Ry. Co.*, 171 N. Y. 139, 152).

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgments reversed, etc.