Per Curiam.

On the whole record, and especially in view of the conflicting statements made by the plaintiff in his examination before the comptroller and at the trial, we find that the verdict in favor of the plaintiff is against the weight of the credible evidence.
The rule with respect to the doctrine of “ the last clear chance ” might have been delineated with greater clarity. The jury might have been advised that this doctrine in its application to this case was predicated on the existence of the motorman’s knowledge of the plaintiff’s perilous position as an actual fact. The plaintiff could prevail under that doctrine only in the event of such knowledge under circumstances affording the motorman an opportunity to counteract the peril and avoid its consequences by the exercise of reasonable effort and his failure so to act (Elliott v. New York R. T. Corp., 293 N. Y. 145; Woloszynowski v. New York Central R. R. Co., 254 N. Y. 206, 208).
*913 We find no error in the rulings of the trial court with respect to the exclusion of portions of the hospital records.
The judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.
Dore, J. P., Cohn, Callahan, Van Yoorhis and Shientag, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.