ALBERT J. CHADWICK, as Administrator of the Estate of ROBERT CHADWICK, Deceased, Appellant, *v.* CITY OF NEW YORK, Respondent.

Argued May 22, 1950; decided July 11, 1950.

*Morris Zweibel, James T. McKeon* and *Robert X. Kuzmier* for appellant. I. Plaintiff is entitled to every fair intendment and inference on a motion to dismiss a complaint. (*Kraus* v. *Birnbaum,* 200 N. Y. 130; *Wheaton* v. *Newcombe,* 16 Jones & Sp. 215; *McNally* v. *Phoenix Ins. Co.,* 137 N. Y. 389; *Kirwan* v. *American Lithographic Co.,* 197 N. Y. 413; *Sheridan* v. *Brooklyn & Newtown R. R. Co.,* 36 N. Y. 39; *Schwarzbaum* v. *Third Ave. R. R. Co.,* 54 App. Div. 164.) II. A question of fact as to defendant's negligence was presented which should have been submitted to the jury for their determination. (*Woloszynowski* v. *New York Central R. R. Co.,* 254 N. Y. 206; *Bragg* v. *Central New England Ry. Co.,* 228 N. Y. 54; *Mikorski* v. *City of New York,* 270 App. Div. 769; *Lee* v. *Pennsylvania R. R. Co.,* 269 N. Y. 53; *McKeon* v. *Steinway Ry. Co.,* 20 App. Div. 601; *Dino* v. *Eastern Glass Co.,* 231 App. Div. 75; *Kyff* v. *Grand Central Wicker Shop,* 237 App. Div. 539; *Storr* v. *New York Central R. R. Co.,* 261 N. Y. 348; *Elliott* v. *New York R. T. Corp.,* 293 N. Y. 145; *Trimble* v. *City of New York,* 275 App. Div. 169, 299 N. Y. 800; *Noseworthy* v. *City of New York,* 298 N. Y. 76.)

*John P. McGrath, Corporation Counsel (Joseph F. Mulqueen, Jr.,* and *Seymour B. Quel* of counsel), for respondent. I. As

deceased was a trespasser, defendant owed him no duty except to refrain from willfully, wantonly or recklessly exposing him to danger. The record fails to disclose such misconduct on the part of defendant. (*Jennings* v. *Delaney*, 229 App. Div. 439, 255 N. Y. 626; *Thibodeau* v. *Gerosa Haulage & Warehouse Corp.*, 252 App. Div. 615, 278 N. Y. 551; *Ralff* v. *Long Island R. R. Co.*, 266 App. Div. 794, 292 N. Y. 656.) II. The doctrine of the last clear chance is not applicable because there is no proof that the operator of the vehicle upon which decedent and his brother were trespassing knew of the peril in which decedent had negligently placed himself. The operator, therefore, cannot be charged with failure to avail himself of a clear chance to avoid the accident. Moreover, there is not the slightest proof, either actual or by way of inference, that the tapping on the window by one of the boys warned the operator that a second person was in peril. (*Elliott* v. *New York R. T. Corp.*, 293 N. Y. 145; *Storr* v. *New York Central R. R. Co.*, 261 N. Y. 348; *Hernandez* v. *Brooklyn & Queens Tr. Corp.*, 284 N. Y. 535; *Panarese* v. *Union Ry. Co.*, 261 N. Y. 233; *Duschnik* v. *Deco Restaurants*, 276 N. Y. 439; *Wright* v. *Union Ry. Co.*, 224 App. Div. 55, 250 N. Y. 526.)

DYE, J. Robert Chadwick, then ten years of age, met his death under the wheels of a truck belonging to the defendant city under circumstances which, it is claimed, amounted to actionable negligence on the part of the driver under the doctrine of the last clear chance who failed to bring his truck under such control as to avoid injuring Robert after he knew that the boy was in peril. The dismissal of the complaint at the close of all the proof has been affirmed in the Appellate Division by a divided court. Under such circumstances the plaintiff-appellant here is entitled to the most favorable inferences reasonably to be drawn from his proof.

On March 21, 1945, a rainy day, the infant decedent Robert and his brother John, aged twelve, while returning home from school, hitched a ride on a sanitation department truck which had stopped at the red light at the corner of Sunrise Highway and South Conduit Street, Queens. According to John's testimony, the boys climbed on the right front fender and sat on a corrugated metal step fastened to the top of the fender and designed for use by persons mounting into the cab. John

faced the rear of the vehicle with his feet braced against its body while Robert crouched between John's legs on the corner of the fender with his head on John's stomach, his feet resting on a little step fastened to the lower corner of the truck body. Both boys held on to a perpendicular rod or handhold attached to the body of the truck just back of the cab. The cab door had a glass window about 3 feet above the fender's step and concededly the driver was unable to see the boys on the fender. When the light changed, the truck, which was returning to its garage, proceeded at a moderate speed along South Conduit Street to 150th Avenue where the boys had planned to alight. However, the truck did not stop as they expected but made a right turn into 150th Avenue — at this point an unpaved bumpy road — without slacking speed and no attempt was made to get off. Robert was bounced from his precarious perch and slipped down the fender. He clung to the handhold with his feet dragging in the road for a distance of about 300 feet when he finally lost his grip and fell under the rear wheel sustaining fatal injuries. The distance he was dragged is fixed with reasonable certainty in the evidence — his body having been run over at approximately the intersection of 127th Street. John testified that when Robert first slipped (at the 150th Avenue intersection) he grabbed for him but missed and, fearing the worst, he began banging on the cab window with his right hand and screaming " stop ". The driver, according to John, continued on for a short block (to 126th Street) and a long block (to 127th Street) where Robert fell under the wheel. The truck was finally brought to a stop at 128th Street. This testimony is corroborated circumstantially by officers in charge of the police investigation and a witness who came to the scene almost immediately after the accident. Defendant's driver testified that when he made his turn " ' I see little hand — I don't see no head, no body, just little hand — knock on my window ' " and that " ' I stopped immediately, right there.' " He was asked " ' did you figure somebody was in danger? A. Well, I don't hear nobody, *so I figure something is in danger — must be, to be there.*' " (Emphasis supplied.)

The underlying question on this appeal is whether by any reasonable inference a jury could find that the driver was apprised of the peril to Robert in time to avoid running over

him, that is, would a jury be able to say that he was *in fact* attracted by the rapping at.the window some time prior to reaching 127th Street and that he ignored the warning in an unreasonable manner when he still had a clear opportunity to avoid the accident? This brings into play the last clear chance doctrine which arises in situations where the plaintiff's prior act — here hitching the ride in the first instance — although susceptible of the inference that he was contributorily negligent, was not necessarily the proximate cause of the accident which rather was due to the defendant's failure to heed the peril and take whatever reasonable steps the circumstances indicated to avoid injury to the plaintiff. Obviously, in order to have the opportunity of preventing injury, the proof must support the inference that defendant had actual knowledge of the peril. This is precisely the rule enunicated in *Woloszynowski* v. *New York Central R. R. Co.* (254 N. Y. 206, 208) and applied both before (*Bragg* v. *Central New England Ry. Co.*, 228 N. Y. 54; *Wright* v. *Union Ry. Co.*, 250 N. Y. 526), and since (*Storr* v. *New York Central R. R. Co.*, 261 N. Y. 348; *Panarese* v. *Union Ry. Co.*, 261 N. Y. 233; *Elliott* v. *New York R. T. Corp.*, 293 N. Y. 145; *Noseworthy* v. *City of New York*, 298 N. Y. 76; *Crane* v. *Long Island R. R. Co.*, 300 N. Y. 711). (See Restatement, Torts, § 479.) While not all of these cases were determined in favor of plaintiffs — note, e.g., the *Woloszynowski* and *Storr* decisions (*supra*) — the principle remains undisturbed. In the *Panarese* case (*supra*) we ruled out the last clear chance doctrine on a showing that the plaintiff, with utter disregard for his own safety, ran headlong into an oncoming trolley. The time sequence, however, is all important and furnishes a clear basis for distinction (*Bragg* v. *Central New England Ry. Co., supra;* Prosser on Torts, § 54). Panarese's contributing negligence continued right up to the point of impact as an active factor in causation, whereas here young Robert's mounting the fender was a single, noncontinuing act completed long before he began to slip (cf. *Hernandez* v. *Brooklyn & Queens Tr. Corp.*, 284 N. Y. 535).

The defendant makes a strong argument for distinguishing the *Elliott* and other cases (*supra*), on the theory that even though John's rapping might well give rise to an inference that *he* was in peril there was nothing to warrant an inference that Robert,

an unseen second party, was also in jeopardy. This, of course, poses a neat question and one that does not seem to have been considered in any of the reported cases. Nevertheless, in this record, it appears by an admission that defendant's employee accepted the hand at the window as a signal that someone was endangered. To a large degree the last clear chance doctrine necessarily arises out of circumstances subject to conflicting inferences and it may not be categorically stated that its applicability is limited to situations where a defendant has precise knowledge of both the exact nature of the danger and of the particular individual threatened so long as there is proof to support an inference that someone is in peril.

Where a plaintiff has become, through his own prior negligence, so hopelessly implicated in a dangerous situation that he has lost all ability to extricate himself, responsibility for the ensuing accident may be shifted to the one who has a recognizable opportunity to save him. This is clearly the import of our later decisions — note the *Elliott* and *Crane* cases (*supra*) — where we, in effect and in fact, have ruled that when the defendant first became conscious of the impending danger and whether he then did all a reasonable man would under the circumstances to prevent disaster were questions of fact for the jury.

Professed ignorance of the danger is not alone *as a matter of law,* a defense if the circumstantial evidence might show that the defendant in fact had the requisite knowledge upon which a a reasonably prudent man would act (*Woloszynowski* v. *New York Central R. R. Co.,* 254 N. Y. 206, 209, *supra; Crane* v. *Long Island R. R. Co., supra*). The driver's testimony is not, therefore, conclusive but is to be subjected to the test of credibility which is for the jury. We are satisfied that this record presents questions of fact which, upon a proper charge, should have been left to the jury.

The judgments should be reversed and a new trial granted, with costs to abide the event.

LEWIS, CONWAY, DESMOND and FROESSEL, JJ., concur with DYE, J.; LOUGHRAN, Ch. J., and FULD, J., dissent.

Judgments reversed, etc.