NECTAR KUMKUMIAN, as Administratrix of the Estate of MARTIN KUMKUMIAN, Deceased, Appellant-Respondent, *v.* CITY OF NEW YORK, Respondent-Appellant.

First Department, March 25, 1952.

*Jacob D. Fuchsberg* of counsel (*Benjamin H. Siff* with him on the brief; *Cohen & Fuchsberg,* attorneys), for appellant-respondent.

*Joseph F. Mulqueen Jr.* of counsel (*Seymour B. Quel* with him on the brief; *Denis M. Hurley, Corporation Counsel*), for respondent-appellant.

*Per Curiam.* This death case was submitted to the jury on two theories: ordinary negligence — that is negligence of the defendant and freedom from contributory negligence of the deceased, and on the doctrine of the last clear chance. The jury rendered a verdict for the plaintiff specifically on the last clear chance doctrine; it rendered no verdict on the theory of ordinary negligence.

The learned court below set aside the verdict of the jury and ordered a new trial, writing: " the evidence fails to establish either actual notice or proof sufficient to support an inference of actual notice, in connection with the alleged perilous and dangerous situation of the plaintiff's intestate ". The plaintiff appeals, asking for a reinstatement of the jury's verdict. Defendant appeals, asking for a dismissal of the complaint on the ground that there was no basis for recovery on the theory of ordinary negligence as well as under the doctrine of last clear chance.

We agree with the ruling below that the last clear chance doctrine had no application to this case. The automatic stop of the train on two successive occasions in a subway tunnel at a point almost midway between two subway stations was insufficient to charge the motorman with actual knowledge that some person was in a perilous situation; nor was it sufficient, under the circumstances here presented, to support an inference of such actual knowledge. The automatic stops could have been due to a number of causes and could not be said to have given the motorman warning not to proceed because some person was in a position of danger on the tracks. The motorman could hardly have anticipated the presence of a body on the tracks 1,400 feet away from the preceding station and 600 feet away from the next. Even if it be assumed to have been carelessness on the part of the motorman to proceed after the second automatic stop, such carelessness, in and of itself, was not sufficient to call into operation the doctrine of the last clear chance within the authorities established in this State. (*Elliott* v. *New York Rapid Tr. Corp.*, 293 N. Y. 145; *Wright* v. *Union Ry.*, 224 App. Div. 55, 58, affd. 250 N. Y. 526.) *Chadwick* v. *City of New York* (301 N. Y. 176) which is the latest and perhaps the most liberal exposition of the law of last clear chance in this State, is not here applicable. In that case, the defendant's driver admitted that he had actual knowledge that someone was in a perilous position. As the court pointed out '' it appears by an admission that defendant's employee accepted the hand at the window as a signal that someone was endangered.'' (*Chadwick* v. *City of New York, supra,* p. 181.) The court went on to say: '' To a large degree the last clear chance doctrine necessarily arises out of circumstances subject to conflicting inferences and it may not be categorically stated that its applicability is limited to situations where a defendant has precise knowledge of both the exact nature of the danger and of the particular individual threatend so long as there is proof to support an inference that someone is in peril.'' The court obviously referred to the circumstance that there were two boys on the truck and that an inference of peril to the unknown boy could be drawn from the actual knowledge of possible peril to the signalling boy. As pointed out, such a situation was not here presented. Both sides agree that it would serve no useful purpose to have a new trial on the issue of last clear chance.

We believe that the court below erred in not dismissing the complaint on the merits. The contributory negligence of the deceased was clearly established and there was no substantial

evidence of the defendant's negligence for submission to the jury. The plaintiff contends that the deceased, a stranger in New York, took the wrong subway train, that he got off to change at the Prospect Avenue station of the B. M. T.; that he was caused, by a misleading sign at the Prospect Avenue station, to enter a benchwalk in the tunnel leading towards the 25th Street station and walked about 1,400 of the 2,000 feet between the stations; that he fell in some manner while on the benchwalk in the tunnel and that the motorman on the train, in the exercise of reasonable care, could or should have observed the deceased's perilous position on or near the tracks in time to avoid running over him. This theory is not supported by circumstantial evidence. It is based entirely upon inference heaped upon inference, resulting in mere conjecture or speculation. There is nothing to show that the deceased got on the wrong train. There is nothing to indicate that he got off at the Prospect Avenue station or that he saw the sign referred to or was misled by it; there is nothing to show that he fell in front of the train or how long he was on the tracks before he was struck by the train. We do not find any evidence substantial in character, even for a death case, that would warrant submitting to the jury the issue, either of the deceased's freedom from contributory negligence or the negligence of the motorman operating the car. The complaint, accordingly, should be dismissed on the merits.

The order entered April 9, 1951, should be modified by setting aside the verdict and dismissing the complaint and as so modified, affirmed, with costs to the defendant. The order entered May 31, 1951, should be reversed, with $20 costs and disbursements to defendant and defendant's motions to dismiss the complaint and for the direction of a verdict in favor of the defendant should be granted. Settle order.

PECK, P. J., CALLAHAN, VAN VOORHIS, SHIENTAG and BERGAN, JJ., concur.

Order entered April 9, 1951, unanimously modified by setting aside the verdict and dismissing the complaint and, as so modified, affirmed, with costs to the defendant. Order entered May 31, 1951, unanimously reversed, with $20 costs and disbursements to the defendant and defendant's motions to dismiss the complaint and for the direction of a verdict in favor of the defendant granted. Settle order on notice.