James R. **ARMANTROUT** as Administrator of the Goods, Chattels and Credits of Ross Armantrout, Deceased, Plaintiff,

v.

**HOWARD SOBER**, Inc., International Harvester Company and Manfred A. Widmeyer, Defendants.

Civ. A. No. 5927.

United States District Court W. D. New York.

May 23, 1956.

Drew & Drew, Buffalo, N. Y., for plaintiff.

John F. Canale, Buffalo, N. Y., for defendants.

MORGAN, District Judge.

Following a finding of a verdict of no cause of action by the jury in the above matter, the plaintiff moved to set aside the verdict as against the weight of evidence and principally because of the failure of the Court to charge a last clear chance doctrine. The defendant, Howard Sober, had its driver, Manfred A. Widmeyer, a codefendant, operating two International Harvester Company chassis, one attached to the operating vehicle by a center triangle of steel. The truck was being operated generally in an easterly direction on the south lane of route 20 in the Town of Hamburg, Erie County, New York. Route 20, at that point, is a three lane concrete highway, 30 feet in width. The southerly shoulder, or edge of the road, was a 6 or 7 foot firm surface. The accident occurred on November 4, 1951, in the early afternoon and Helen Armantrout, the widow of the deceased, testified that the day was cold, dry, there was no snow and that it was bright and clear. While there was some difference of opinion as to the distance,

it was undisputed that the deceased was driving generally in a westerly direction in the north lane of route 20 and passed another car going in the same direction, the deceased's car remaining in the center lane. There was no swerve or change of course of the deceased's automobile and the widow recalled no skid. Widmeyer testified that he observed the decedent's car pass the other westerly bound car about a quarter mile east and, as it remained in the center lane, he eased his truck to the shoulder, or berm, as he, the driver, expressed it. When the deceased's car reached a point between 100 to 200 feet from the truck, the rear end of the car skidded and when the front wheels of the truck were off the pavement, the decedent's car struck it. Impartial witnesses in the car which was driving in the northerly lane, which the decedent's car passed, saw the decedent's car passing and observed it go into a skid, cross to the truck and then observed the impact. The decedent's widow testified without qualification that the highway on route 20, at that point in the southerly and center lanes, was free from snow or ice. The case of Chadwick v. City of New York, 301 N.Y. 176, 93 N.E. 2d 625, is strongly urged by plaintiff. In that case, cited in 301 N.Y. at page 381, 93 N.E.2d at page 628, the Court said "Where a plaintiff has become, through his own prior negligence, so hopelessly implicated in a dangerous situation that he has lost all ability to extricate himself, responsibility for the ensuing accident may be shifted to the one who has a recognizable opportunity to save him."

However, the facts of that case are very different from those in the instant case, and while the facts are also different in the case of Woloszynowski v. New York Cent. R. Co., 254 N.Y. 206, 172 N.E. 471, 472, Judge Cardozo's language is applicable. He said "the doctrine of the last clear chance, however, is never wakened into action unless and until brought home to the defendant to be charged with liability a knowledge that another is in a state of present peril,

in which event there must be reasonable effort to counteract the peril and avert its consequences." In this case, there was no reasonable basis for a finding that the driver of the defendant truck had any realization that any person was in peril in time to prevent his death and the evidence is not sufficient to support an inference that he should have known. Under all the evidence, the defendant driver had every reason to anticipate that the decedent would return to his own, or the north lane, and the doctrine of the last clear chance is not applicable.

The motion for a new trial is denied.

Enter order.