■ BLUE RIBBON ICE CREAM CO., INC., Appellant, v. BANNER ROOFING Co., INC., et al., Respondents.—In an action to recover damages for injury to property, plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County, entered March 13, 1962 after a jury trial, as dismissed the complaint against both defendants, at the close of plaintiff's case, for failure of proof. Judgment, insofar as appealed from, reversed on the law, and a new trial granted, with costs to plaintiff to abide the event. Plaintiff, an ice-cream manufacturer, brought this action to recover damages allegedly sustained as a result of the improper utilization, in its plant, of a noxious roofing material which contaminated plaintiff's own product. Defendant Banner Roofing Co., Inc., applied the roofing material which was manufactured by the defendant Allied Chemical Corporation. Upon this record, it is our opinion that jury questions were presented: (1) as to the defendant Banner's alleged failure to perform its job in a workmanlike manner; (2) as to its alleged breach of its warranty that the material applied in plaintiff's plant was proper and suitable for its intended use; (3) as to defendant Allied's alleged negligent misrepresentation that its product was fit for use in plaintiff's plant; and (4) as to its alleged breach of its warranty of fitness for use (Personal Property Law, § 96, subd. 1). Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ FRANK CASTALDO, JR., an Infant, by FRANK CASTALDO, SR., His Guardian ad Litem, et al., Appellants, v. WARD L. MORTON et al., Respondents.—In a negligence action by the infant plaintiff to recover damages for personal injury and by his father to recover damages for loss of services and medical expenses, the plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered October 26, 1960 after a jury trial, which dismissed their complaint on the merits at the end of the entire case. Judgment reversed, on the law, with costs to plaintiffs, and a new trial granted. The infant plaintiff's hand was crushed by a cable reel while he was "hitching" a ride on the back of the defendant Edison Company's truck. His version (which was strongly disputed) was that the defendant Morton, the driver of the truck, "sticked" his head out of the window, shouted "I'll get you off", increased speed, and then turned into the driveway cut in the company's premises; and that it was during such maneuver that the reel came down on his (the infant plaintiff's) hand. Employees of the company, including Morton, testified that the reels tend to shift on entering the driveway. In our opinion, it was error to dismiss the complaint at the close of the entire case (Chadwick v. City of New York, 301 N. Y. 176). Under the doctrine of "last clear chance," issues of fact exist as to whether defendants discovered the infant plaintiff in a perilous position and nevertheless proceeded to act in an unreasonable manner so as to cause his injury. Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Hopkins, JJ., concur.