ANNEL WILSON, as Administratrix of the Estate of JOSEPH WILSON, Deceased, Respondent, *v.* DOMINIC J. MAIELLO, Appellant.

First Department, May 5, 1970.

*William J. Regan* of counsel (*Benjamin Purvin*, attorney), for appellant.

*Benjamin H. Siff* of counsel (*Irving Payson Zinbarg* with him on the brief), for respondent.

EAGER, J. P. The defendant appeals from a judgment entered for plaintiff upon a verdict of a jury rendered in an action to recover for personal injuries sustained by a pedestrian while crossing the Henry Hudson Parkway. The injured's contributory negligence is conceded and recovery is sought to be sustained against the motorist on the application of the last clear chance doctrine.

We conclude that the evidence did not justify a submission of the case to the jury on the last clear chance theory. Only in

exceptional circumstances may such theory be presented to a jury so as to authorize a recovery in an automobile accident case. (See *Kaskoff* v. *Anderson,* 13 N Y 2d 911, 912; see, also, the opinion in this case in 18 A D 2d 192.) Furthermore, in the circumstances of this particular case, the injured's contributory negligence, existing as a matter of law and directly contributing to the accident, precludes a recovery for his injuries.

The plaintiff's intestate (Joseph Wilson, who died following the accident from causes unrelated thereto) was struck by or stumbled against the side of defendant's southbound car when he was crossing the Henry Hudson Parkway in the nighttime. In April of 1964, at about 3:30 in the afternoon, Wilson went to a park located near 82nd Street and on the west or river side of the parkway. He took with him about a glass of wine in a bottle and sat "down on a bench there watching the ships and the boats go by." When it became dark, he decided to cross the parkway (intending to walk easterly to Broadway), but instead of using the available pedestrian crossing at the 79th Street Boat Basin, he proceeded to climb the west fence bordering the parkway at 82nd Street. He testified that "I was at 82nd, so that's why I crossed there."

At the point where Wilson climbed the fence, the parkway southbound, accommodating three lanes of travel, was separated from the parkway northbound by a mall. Wilson's testimony taken on a prior trial was read. He testified that, on climbing over the fence, he looked to his left, "saw a car light about 200 feet away" and began to cross easterly, towards the center mall, thinking he could make it; that, when he was but a few feet from the mall, he again looked to his left, that the car was on top of him; that he "tried to make it to the mall" as quickly as he could, but could not run because of a serious foot disability, and that "before I reached the mall about two or three feet I was hit by a car".

Dusk had just set in, the pavement was dry and the defendant had his high beams on. The defendant testified that he noticed someone staggering "on the curb near the center mall"; that he never saw Wilson cross the parkway; that he blew his horn, jammed on his brakes and swerved to the right into the middle lane. The overwhelming weight of the evidence indicates that Wilson either stumbled or stepped into the side of the defendant's car but, for the purposes of the determination here, we will assume that the front of defendant's car struck him.

The trial court submitted the case to the jury on "two theories", first, "the ordinary negligence cause" which would justify a verdict for plaintiff if they found no negligence on

Wilson's part; and also, on the " second theory, or cause, which is known as the ' last clear chance ' doctrine." The jury stated that it found a verdict for the plaintiff under the theory of the application of " last clear chance ", finding defendant guilty of negligence under such theory. Thereby, it may be assumed that the jury found that Wilson was guilty of contributory negligence and plaintiff's counsel, in his brief, agrees " that Wilson was negligent, and if there is to be recovery, it must be under the last clear chance rule."

Certainly, the plaintiff's recovery may not be sustained if Wilson's negligence was a proximate cause of the accident. With this in mind, taking the facts in the case in the aspect most favorable to plaintiff, Wilson's negligence continued until the time he was struck by defendant's car. On the basis of his testimony, his negligence as he entered upon and proceeded across this thru-traffic highway at night, with a car approaching 200 feet away, amounted to a continuous course of negligent conduct until he was struck by the defendant's vehicle. His position of peril on the highway and his negligence with relation thereto are so closely related to the events which followed that his negligence is not reasonably separable from the alleged acts or omissions of the defendant contributing to the accident. As a matter of law, Wilson's negligence was a concurrent competent producing cause of his injury, thus barring recovery. (See *Panarese* v. *Union Ry. Co.*, 261 N. Y. 233; *Jasinski* v. *New York Cent. R. R.*, 21 A D 2d 456; *Carlson* v. *Long Is. R. R.*, 16 A D 2d 937, affd. 12 N Y 2d 984; *Vadell* v. *Long Is. R. R.*, 6 A D 2d 88, 90; *Grossman* v. *Hudson Tr. Corp.*, 276 App. Div. 1074; *Snyder* v. *Union Ry. Co.*, 234 App. Div. 320; *Goldman* v. *Lanigan Bros.*, 185 App. Div. 742.) A " plaintiff may not by proceeding heedlessly, place upon the defendant the sole responsibility for accident occurring through the continuing negligence of both. ' When the negligence of the two persons is contemporaneous, and the fault of each operates directly to cause the injury, neither can recover from the other.' (*Panarese* v. *Union Ry. Co.*, 261 N. Y. 233, 239.) " (*Hernandez* v. *Brooklyn & Queens Tr. Corp.*, 284 N. Y. 535, 539.)

In order that the " last clear chance " doctrine may be applied to support the recovery by plaintiff, there must be a time sequence — an interval in which plaintiff's act of negligence is complete and in which defendant in the exercise of reasonable care has an opportunity to avert the disaster (*Panarese* v. *Union Ry. Co., supra; Vadell* v. *Long Is. R. R., supra,* p. 90). Although, if we assume that the evidence will support a finding that the defendant, at a distance of from 40 to 100 feet saw Wilson stag-

gering or stumbling on the highway and in a position of peril, it does not appear that the defendant could have avoided the accident by the exercise of reasonable care. Actually, on the record in this case, there was on defendant's part at most "an error of judgment in an emergency so sudden and immediate that seconds made a difference". (*Woloszynowski* v. *New York Cent. R. R. Co.*, 254 N. Y. 206, 209. See, also, *Polk* v. *New York Cent. R. R. Co.*, 10 A D 2d 703, 704, affd. 8 N Y 2d 1106.) Consequently, a recovery by plaintiff cannot be supported under the " last clear chance " doctrine or on any basis.

Finally, if we were not dismissing this action, we would reverse and grant a new trial because of the lack of sufficiently clear instructions on the application of the doctrine of last clear chance. (See *Storr* v. *New York Cent. R. R. Co.*, 261 N. Y. 348; *Vadell* v. *Long Is. R. R., supra.*) Also, if we were not dismissing, we would grant a new trial on the ground that the verdict is against the overwhelming weight of the evidence.

The judgment for plaintiff should be reversed and vacated, on the law, without costs and disbursements and complaint dismissed.

CAPOZZOLI, MARKEWICH and NUNEZ, JJ., concur.

Judgment unanimously reversed, on the law, without costs and without disbursements, the judgment vacated and complaint dismissed.