■ ANN K. GALANEK, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—Judgment, Supreme Court, New York County, entered November 27, 1973, on jury verdict for defendant, is unanimously affirmed, without costs and without disbursements. The trial court did not err in refusing to submit to the jury the doctrine of last clear chance. The doctrine may excuse what would otherwise be contributory negligence because the proximate causal relationship between the contributory negligence and the injury was broken by "defendant's failure to heed the peril and take whatever reasonable steps the circumstances indicated to avoid injury to the plaintiff. * * * Where a plaintiff has become, through his own prior negligence, so hopelessly implicated in a dangerous situation that he has lost all ability to extricate himself, responsibility for the ensuing accident may be shifted to the one who has a recognizable opportunity to save him." *(Chadwick v City of New York,* 301 NY 176, 180, 181.) "In order that the 'last clear chance' doctrine may be applied to support the recovery by plaintiff, there must be a time sequence—an interval in which plaintiff's act of negligence is complete and in which defendant in the exercise of reasonable care has an opportunity to avert the disaster" *(Wilson v Maiello,* 34 AD2d 221, 223, affd 28 NY2d 594.) "The time sequence * * * is all important." *(Chadwick v City of New York, supra* 180.) Taken at its most favorable to the plaintiff, the evidence would not permit a jury to say that defendant's negligence, if any, and plaintiff's negligence, if any, were other than substantially simultaneous. There was no showing of a *last* clear chance. Furthermore, "The doctrine of 'the last clear chance' is predicated upon the knowledge of the *peril* being brought home as an actual fact to the person charged with the subsequent negligence. It is not sufficient to prove that the defendant ought to have discovered or should have discovered the [plaintiff's] perilous situation by the exercise of reasonable or ordinary care. It is what the defendant did or failed to do after acquiring knowledge of the peril that constitutes the breach of duty." *(Panarese v Union Ry. Co.,* 261 NY 233, 236.) There was no evidence that defendant's motorman had actual knowledge of plaintiff's peril in time to do anything to avoid the accident; the motorman denied it, and a finding that he did have such actual knowledge would be sheer speculation. The court admitted into evidence a report of the accident made by the motorman on the day of the accident. The report was admitted as an entry in the regular course of business under CPLR 4518 (subd [a]). In *Palmer v Hoffman* (318 US 109), the United States Supreme Court held such a report not to be admissible under the analogous Federal statute. However, in a number of cases the receipt in evidence of similar reports has been approved by the Appellate Divisions of this State. *(Toll v State of New York,* 32 AD2d 47; *Bishin v New York Cent. R. R. Co.,* 20 AD2d 921.) On its face the statute would seem to render such reports admissible. Furthermore, the report did not purport to be more than a statement of what the motorman actually saw; the motorman in fact testified and was cross-examined as to what he saw and as to what happened. If there was error in receiving the report, we think it was harmless error. (See Model Code of Evidence, rule 503, subd [b]; McCormick, Evidence, § 251 [2d ed, 1972]; *United States v De Sisto,* 329 F2d 929, 933-934 cert den 377 US 979.) The criticisms of the Trial Judge's attitude and comments do

not seem to us to be justified by the record. Concur—Kupferman, J. P., Silverman, Capozzoli, Lane and Nunez, JJ.