OPINION OF THE COURT
 

 Gabrielli, J.
 

 The question presented on this appeal is whether the Appellate Division was correct in concluding as a matter of law that there was insufficient evidence in the record to support the application of the doctrine of last clear chance in this negligence action. For the reasons discussed below, we disagree with the conclusion reached by the Appellate Division, and thus the order appealed from must be reversed.
 

 The incident on which this suit is based occurred early in the evening of May 15, 1975. Wilfredo Dominguez, then 11 years of age, and two other youths hitched a ride on the outside of a bus owned by defendant and operated by one of its employees. They first jumped onto the bus as it began to pull away from a bus stop. The bus driver then drove to the next corner and began to make a right-hand turn. As he was doing so, the bus was cut off by a taxicab, and the bus driver turned too sharply, causing the bus to go over the curb and strike an elevated subway support column, knocking Wilfredo off the bus and allegedly causing him serious injuries. His mother subsequently commenced this action on her own behalf and on behalf of her son to recover for his personal injuries.
 

 At a trial on the issue of liability only, the court charged that Wilfredo was guilty of contributory negligence as a
 
 *532
 
 matter of law, and put the case to the jury on a last clear chance basis after denying defendant’s motion to dismiss for failure to make out a prima facie case due to the purported lack of any evidence that the bus driver actually knew of Wilfredo’s presence on the side of the bus. The jury found in plaintiffs favor, and the court denied defendant’s motion to set aside the verdict over claims that it was against the weight of the evidence and not supported by the evidence with respect to the bus driver’s knowledge of the infant’s presence. On appeal to the Appellate Division, that court reversed on the law, concluding that there was insufficient evidence to support the factual determination implicitly and necessarily made by the jury that the bus driver did know of Wilfredo’s presence on the side of the bus. Plaintiff now appeals to this court.
 

 Preliminarily, we note that the question before us is not whether the verdict was against the weight of the evidence, for the Appellate Division did not reach that factual issue. Rather, the issue before us is a question of law alone, namely, whether there is sufficient evidence to support the jury’s resolution of the factual question. In other words, the issue is whether there is in fact sufficient evidence to raise a question of fact as to whether the bus driver knew of Wilfredo’s dangerous position. As we have recently declared, to hold that there is insufficient evidence to support a verdict is to find "that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial”
 
 (Cohen v Hallmark Cards,
 
 45 NY2d 493, 499). In the instant case, although the evidence may not have been overwhelming, we conclude that it does suffice to create a factual question for the jury and hence, of necessity, it is sufficient to sustain the jury’s resolution of that factual question.
 

 The doctrine of last clear chance is most appropriately viewed as a somewhat ambivalent common-law attempt to alleviate the harsh consequences of strict adherence to the traditional contributory negligence rule, pursuant to which a person whose injury is due in part to his own negligence may not recover from any other party whose negligence was also a proximate cause of the injury. The contributory negligence rule is no longer the law in New York with respect to any cause of action accruing on or after September 1, 1975 (CPLR
 
 *533
 
 art 14-A), but must still be applied to any cause of action which accrued prior to that date. Since the instant cause of action accrued prior to September 1, 1975, it is subject to the contributory negligence bar, and may not be maintained absent application of the ameliorative doctrine of last clear chance. That doctrine provides that even a contributorily negligent party may recover from a negligent party under the following circumstances:. (1) the plaintiff negligently places himself in a perilous situation from which he cannot then extricate himself in time to avoid the injury; (2) the defendant becomes aware of the danger at a time when he can avert the accident; and (3) the defendant nonetheless fails to use reasonable care so as to prevent the injury.
 

 Although some variant of the doctrine is accepted in almost all American jurisdictions which retain the contributory negligence bar, it is a doctrine "as to the basis or extent of which there has been little agreement and endless discussion” (Prosser, Torts [4th ed], § 66, p 427). The doctrine is justified by some as a means of imposing liability on a defendant whose fault is of a worse nature than is that of the contributorily negligent plaintiff, while others categorize it as a matter of causation, applicable in cases in which the plaintiffs contributory negligence is actually not a proximate cause of his injury because of the subsequent intervening negligence of the defendant (see Restatement, Torts 2d, § 479, Comment
 
 a).
 
 Neither theory is entirely satisfactory or fully consistent with the wide spectrum of cases in which the doctrine of last clear chance has been applied (see Restatement, Torts 2d, § 479, Comment a; see, also, 2 Harper and James, Torts, § 22.13). At least one court has suggested that "neither explanation is strictly logical, and that the real foundation for the rule is merely its fundamental justice and reasonableness. The justice of the rule * * * may be a sufficient foundation for it”
 
 (Cavanaugh v Boston & Maine R. R.,
 
 76 NH 68, 72). Similarly, one noted commentator has suggested that the doctrine is actually "more a matter of dissatisfaction with the defense of contributory negligence than anything else” (Prosser, Torts [4th ed], § 66, p 433), while others consider it to be a transient doctrine serving to prepare the way for a system of comparative negligence. Viewed thusly, it may well be that the doctrine of last clear chance will be inapplicable to cases arising under New York’s relatively new system of comparative negligence (CPLR art 14-A; see Twenty First Ann Report of NY Judicial
 
 *534
 
 Conference, 1976, pp 243-244; Survey of New York Practice, 50 St John’s L Rev 179, 199). This case, however, must be decided in accord with the common-law principles applicable as of the date of the accident.
 

 Defendant correctly states that for the doctrine of last clear chance to apply, the negligent party must have known that the about-to-be-injured party was in a perilous situation, from which he could not extricate himself. It is contended that in this case there was insufficient evidence to support the factual determination, necessarily implicit in the jury verdict, that the bus driver was aware of Wilfredo’s presence on the side of the bus. We disagree.
 

 Initially, we note that it is well settled in this State that a jury may conclude that a defendant had knowledge of a plaintiffs danger for purposes of application of the doctrine of last clear chance solely on the basis of circumstantial evidence and over the denial of the party charged with such knowledge
 
 (Woloszynowski v New York Cent. R. R. Co.,
 
 254 NY 206, 208-209;
 
 Chadwick v City of New York,
 
 301 NY 176, 181; cf.
 
 Panarese v Union Ry. Co.,
 
 261 NY 233, 237). Assessment of the weight of the evidence and the credibility of witnesses is a function of the finder of fact, and is generally not relevant to the question of sufficiency of evidence. Moreover, the concept of knowledge as used in this context is a fairly broad and elastic one. While it is not wide enough to encompass situations in which a defendant who was not negligent would have been aware of plaintiffs plight (see
 
 Panarese v Union Ry. Co., supra,
 
 p 236), it does include cases in which there is a "willful indifference” to clear indicia of another’s peril
 
 (Kumkumian v City of New York,
 
 305 NY 167, 176), or a "negligence so reckless as to betoken indifference to knowledge”
 
 (Woloszynowski v New York Cent. R. R. Co., supra,
 
 p 209).
 

 The proper application of these general principles in a particular case will of course depend on the unique factual circumstances of each accident. In the instant case, the evidence submitted to prove that the bus driver had knowledge of Wilfredo’s presence on the side of the bus was all circumstantial, and was opposed by the driver’s own testimony that he was not aware that the youths were on the exterior of the bus. Nonetheless, it was sufficient to raise a question of fact and to support the jury’s resolution of that question. Wilfredo himself testified that he and several friends had first tried to board the bus without paying, but were denied entrance by the
 
 *535
 
 driver. They then waited outside the bus until it began to pull away from the curb, at which time they jumped onto the side and rear of the bus. Wilfredo was positioned on the right side of the bus towards its rear, between the rear door and the right rear wheel. He stuck his hands through an open window into the bus and held onto the top of that window, and placed his feet on a piece of metal stripping running along the side of the bus. There was no exterior mirror on that side of the bus, but Wilfredo testified that his head was above the bottom of the window and that he could see the bus driver looking at him through the broad inside rear view mirror.
 

 A woman passenger on the bus also testified on plaintiff’s behalf. She was seated inside the bus adjacent to Wilfredo’s position on its exterior. She saw his hands inside the bus and his head in the window, and told him to get off before he was killed. She testified that the youths on the outside were making a great deal of noise, yelling and banging on the bus, and that although she did not tell the driver of their presence she was sure he had noticed them as she several times observed his eyes watching them in the mirror.
 

 While this evidence was not overwhelming, it was sufficient to raise a question of fact for the jury as to whether the bus driver did notice Wilfredo in the few moments between his jumping onto the bus and the accident. There was sufficient evidence for the jury to find that the bus driver did know of Wilfredo’s presence, based on the testimony as to the noise made by the youths and the various observations of the driver’s use of the mirror. Hence, it was error for the Appellate Division to conclude as a matter of law that there was insufficient evidence to sustain the verdict.
 

 As to defendant’s contention that the doctrine of last clear chance is inapplicable because Wilfredo’s negligence had not come to an end prior to the accident (see
 
 Panarese v Union Ry. Co.,
 
 261 NY 233,
 
 supra),
 
 it suffices to note that we have previously approved the submission to the jury of the doctrine of last clear chance under somewhat similar circumstances, stating that hitching a ride on the side of a moving vehicle is "a single, noncontinuing act” complete as soon as the hitchhiker is on the vehicle
 
 (Chadwick v City of New York,
 
 301 NY 176, 180,
 
 supra).
 

 Since the Appellate Division has not as yet exercised its jurisdiction to review the facts (CPLR 5501, subd [c]), instead
 
 *536
 
 of reinstating the judgment of Supreme Court, we must remit the case to the Appellate Division (CPLR 5613).
 

 Accordingly, the order appealed from should be reversed, with costs, and the case remitted to the Appellate Division for the exercise of its jurisdiction to review the facts.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler and Fuchsberg concur with Judge Gabrielli.
 

 Order reversed, with costs, and the case remitted to the Appellate Division, First Department, for further proceedings in accordance with the opinion herein.