■ MIREYA WALKER, as Administratrix of the Estate of CLARENCE J. WALKER, Deceased, Respondent-Appellant, v CITY OF NEW YORK, Appellant-Respondent. — Judgment of the Supreme Court, New York County (Shorter, J.), following a jury trial, entered November 7, 1980, awarding plaintiff-respondent-appellant Mireya Walker, as administratrix of the estate of Clarence J. Walker, judgment on the issue of liability against the defendant-appellant-respondent City of New York, and ordering a new trial on the issue of damages only, reversed, on the law and facts, without costs, and the matter remanded for a new trial on the issues of both liability and damages. In the afternoon of January 14, 1975, a fire truck operated by Edward M. Heins, responded to a fire reported at 89th or 90th Street and West End Avenue. Heins, a 20-year veteran of the New York City Fire Department at the time of the accident, with 10 years of experience as a chauffeur, was accompanied in the cab of the fire truck by Lieutenant Frederick J. Prigge, a 15-year department veteran. According to Heins and Prigge, both the emergency siren and the revolving red. and white light atop the truck were operating from the time the truck left the stationhouse until the moment of impact with the automobile driven by decedent. The truck traveled west on 100th Street, turned left on West End Avenue heading south. Heins testified that he maintained a speed of between 20 and 30 miles per hour. As the fire truck approached the intersection of West End Avenue and 92nd Street, a 1967 Volkswagen Beetle, traveling east on 92nd Street and driven by decedent Clarence J. Walker, entered the intersection. Heins testified that at that point in time the automobile was 10 to 15 feet in front of and past the center line of the intersection. Testimony at the trial from Lieutenant Prigge and an eyewitness was that the speed of the Volkswagen as it entered the intersection was between 40 and 50 miles per hour. Upon sighting the Volkswagen speeding into his path, Heins said he braked the fire truck and veered to the left. This attempt to avoid the accident was unsuccessful. The right front of the truck struck the driver's side of the Volkswagen as the automobile was crossing the center of the intersection. The driver of the Volkswagen, Clarence J. Walker, an off-duty New York City police officer, died of injuries sustained in the accident. There was no evidence that Walker applied his brakes or made any other attempt to avoid the collision. The defendant-appellant City of New York (City) appeals from the interlocutory judgment of the Supreme Court following a jury trial which awarded the plaintiff-respondent Mireya Walker, as administratrix, judgment on the issue of liability and ordered a new trial on the issue of damages only. Walker appeals from that portion of the judgment which set aside the jury verdict and ordered a new trial only on the damages issue. This action accrued prior to September 1, 1975 and is therefore subject to the contributory negligence rule which, of course, is no longer the law in New York with respect to a cause of action accruing after that date (CPLR art 14-A). Over the objection of the City's counsel, the court below charged the jury on the "last clear chance" doctrine. It is our determination that the evidence adduced did not justify a submission of the case to the jury on the theory of last clear chance. This rule should not be submitted to a jury in automobile collision cases except under exceptional circumstances (*Kaskoff v Anderson,* 13 NY2d 911, 912; *Wilson v Maiello,* 34 AD2d 221). The doctrine does not apply unless

there is present an issue of contributory negligence (*Kumkumian v City of New York,* 305 NY 167, 173). The defendant's negligence, to give rise to liability, must occur *after* plaintiff's act of negligence is complete and be independent of any contributory negligence of the plaintiff (*Kumkumian v City of New York, supra,* at p 173). Where the plaintiff's negligence actively continues up to the time of the accident, i.e., where the negligence of two persons is contemporaneous, and the fault of each operates directly to cause the injury, neither can recover from the other (*Panarese v Union Ry. Co. of N.Y. City,* 261 NY 233, 239). Applying these principles to the facts in this case, examined in the aspect most favorable to plaintiff, the conclusion is inescapable that if the jury found plaintiff's decedent Clarence Walker negligent, this negligence was not a "single, noncontinuing act" (*Chadwick v City of New York,* 301 NY 176, 180), or "reasonably separable" from the alleged negligent acts or omissions of the City (*Wilson v Maiello, supra,* at p 223). Assuming the jury found that decedent Walker had been negligent, Walker's negligence continued until the time his vehicle collided with the fire truck. This negligence would have been a concurrent cause of the injury, thus barring recovery. Not only was the court below mistaken in permitting the jury to apply the "last clear chance" doctrine, it also misstated the law in its charge, instructing in part: "If you find the Decedent was contributorily negligent that again could prove an end to the case. If you find that the Decedent was *not* contributorily negligent you will have to consider the doctrine of Last Clear Chance". (Emphasis added.) As noted above, the doctrine may be considered only after a finding of contributory negligence (*Kumkumian v City of New York, supra*). Besides misstating the applicable law, the court also refused the City's request to charge that last clear chance does not apply if the negligence of the plaintiff continues until the happening of the accident, thus compounding its original error in charging the doctrine. Concur — Kupferman, J. P., Sullivan, Markewich, Silverman and Asch, JJ.