OPINION OF THE COURT
 

 Memorandum.
 

 The order of the County Court should be reversed, and the case remitted to that court pursuant to CPL 470.25 (2) (d) and 470.40 (2) (b) for determination of the facts.
 

 To further his claim that his religion required him to violate a zoning ordinance, defendant requested that Town Court include in its jury charge the language of the Free Exercise of Religion Clause from the New York Constitution (NY Const, art I, § 3). Town Court refused to give that instruction to the jury and defendant was convicted of the zoning violation. County Court reversed and ordered a new trial, concluding that defendant had presented a sufficient evidentiary basis for the jury instruction. This was error.
 

 It is axiomatic that the essential role of the jury in our system of justice is to resolve disputes of fact by assessing and weighing the evidence at trial, and to determine the credibility of witnesses
 
 (see, Dominguez v Manhattan & Bronx Surface Tr. Operating Auth.,
 
 46 NY2d 528, 534;
 
 Wragge v Lizza Asphalt Constr. Co.,
 
 17 NY2d 313, 319). Defendant’s proposed instruction, however, would have asked jurors to determine whether State action had unconstitutionally abridged his religious freedom. That determination was a question of law for resolution by the court. Indeed, it was proper for Town Court, in the first instance, to balance “the interest of the individual right of religious worship against the interest of the State which is sought to be enforced”
 
 (People v Woodruff,
 
 26 AD2d 236, 238,
 
 affd no opn
 
 21 NY2d 848). Accordingly, Town Court appropriately refused to give the requested jury instruction.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur in memorandum.
 

 Order reversed, etc.