JAMES WADE II et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [773 NYS2d 98]—

In an action to recover damages for personal injuries, etc., the

plaintiffs appeal from an order of the Supreme Court, Kings County (Bruno, J.), dated August 6, 2002, which, upon granting the defendant's motion for an extension of time to file a motion for summary judgment, granted the defendant summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On October 8, 1986, the injured plaintiff, James Wade II (hereinafter the plaintiff), who was then 13 years old, fell while riding on the outside of one of the defendant's buses. The plaintiff now claims that the driver of the bus was aware of his presence on the outside of the bus and that the proximate cause of his injuries was the driver's negligence in traveling at an excessive rate of speed and acceleration under these circumstances.

The defendant moved for an extension of time to file a motion for summary judgment and, if granted, for summary judgment dismissing the complaint on the grounds that assumption of the risk barred recovery and that it owed no duty to the plaintiff, whose conduct was not reasonably foreseeable. The Supreme Court properly granted the extension, and under the circumstances of this case, properly granted summary judgment to the defendant dismissing the complaint (*cf. Dominguez v Manhattan & Bronx Surface Tr. Operating Auth.*, 46 NY2d 528 [1979]). The defendant met its initial burden of showing entitlement to judgment as a matter of law, and the plaintiff failed to raise a triable issue of fact sufficient to defeat summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Smith, J.P., Goldstein, Mastro and Rivera, JJ., concur.