[No. 10710-1-I. Division One. December 17, 1984.]

Mike Cunningham, *Respondent,* v. Western Liquid Propane Gas Service, Inc., *Appellant.*

*Detels, Draper, Madden & Crockett, Frank W. Draper,* and *Robert M. Kraft,* for appellant.

*Chambers & Young* and *Thomas J. Chambers, Jr.,* for respondent.

WILLIAMS, J.—Mike Cunningham brought this action for personal injuries received from a collision with a truck trailer owned by Western Liquid Propane Gas Service, Inc. After a trial to the court, sitting with a jury, judgment was entered in favor of Cunningham in the amount of $335,500. Western's motion for a new trial was denied and Western appeals. We affirm.

Cunningham was driving his motorcycle west on James Street in Kent when a Western truck trailer, being driven east on James Street by L. Glenn Todd, turned left in front of him. Todd had activated his left turn signal and had stopped while several westbound cars passed. Apparently he did not see Cunningham's motorcycle which was 358 feet from the point of impact when the truck began its turn. After seeing the truck, Cunningham, who had been accelerating and looking in his rear view mirror, applied only his rear brake, the motorcycle skidded 91 feet, fell over and skidded 11 more feet before colliding with the front end of the Western trailer. Cunningham and his motorcycle were then dragged 26 feet by the truck which continued its turn on into the parking lot.

The jury found Western 61 percent negligent and Cunningham 39 percent negligent.

The principal issue is whether the trial court erred in refusing to instruct the jury per Western's request on the last clear chance doctrine. Western argues that any negligence on the part of its driver was remote and was superseded by the negligence of Cunningham who had the last opportunity to avoid the accident. Western proposed two instructions on the last clear chance doctrine.[1] Read

---

[1]Western's proposed instruction 15:

"If you find that the defendant was guilty of negligence which continued up to the time of the accident, but that the plaintiff actually saw the defendant in a position of peril and thereafter had time and opportunity to avoid the accident by the exercise of reasonable care, but failed to do so, then, under the doctrine of last clear chance, notwithstanding his negligence, your verdict must be for the defendant."

Western's proposed instruction 16:

"If you find that the defendant was negligent and that defendant's negligence

together these instructions would require a verdict for Western if the jury determined that Cunningham failed to exercise the last opportunity to avoid a situation originally created by the other driver's negligence.

 The last clear chance doctrine developed as an outright exception to the contributory negligence rule:

> The rationale underlying this doctrine is that even though the plaintiff has been contributorily negligent he should still be able to recover his entire damages if the defendant had the last opportunity to avoid the accident. The application of the doctrine is particularly apt in cases where the plaintiff is in a helpless predicament, owing to his own negligence, and the defendant, although perceiving plaintiff's situation and realizing the plaintiff's peril, fails negligently thereafter to avoid injuring the plaintiff.

(Footnote omitted.) *Kaatz v. State,* 540 P.2d 1037, 1050 (Alaska 1975); *accord, Shiels v. Purfeerst,* 39 Wn.2d 252, 235 P.2d 161 (1951); *Leftridge v. Seattle,* 130 Wash. 541, 228 P. 302 (1924). The doctrine is inconsistent with comparative negligence, a method of ascertaining damages which attempts to apportion fault and allow some recovery, rather than barring it completely, by one who is contributorially negligent. *See Seattle–First Nat'l Bank v. Shoreline Concrete Co.,* 91 Wn.2d 230, 236, 588 P.2d 1308 (1978); *Wenatchee Wenoka Growers Ass'n v. Krack Corp.,* 89 Wn.2d 847, 850, 576 P.2d 388 (1978); *Godfrey v. State,* 84 Wn.2d 959, 965, 530 P.2d 630 (1975). Thus, the last clear chance doctrine is not applicable under Washington's comparative negligence statute, RCW 4.22.005. Other jurisdictions have also discarded the doctrine upon adopting comparative negligence. *Kaatz v. State,* 540 P.2d 1037

---

continued up to the time of the accident and that such negligence culminated in a situation of peril from which defendant could not extricate himself by the exercise of ordinary care, and if you find that the plaintiff by the exercise of ordinary care should have seen such peril in time to have had an opportunity to avoid the accident by the exercise of ordinary care, then the plaintiff had a duty to avail himself of that opportunity to avoid the accident. If you find that he failed to do so and that his failure was a proximate cause of the accident, then your verdict must be for the defendant."

(Alaska 1975); *Li v. Yellow Cab Co.,* 13 Cal. 3d 804, 532 P.2d 1226, 119 Cal. Rptr. 858, 78 A.L.R.3d 393 (1975).

Furthermore, the proposed instructions on the last clear chance doctrine were simply unnecessary. Western's position that Cunningham's failure to avoid the accident superseded any negligence on its driver's part could be adequately argued to the jury within the context of the court's proximate cause instruction which was as follows:

> The term "proximate cause" means a cause which in a direct sequence, unbroken by any new independent cause, produces the injury complained of and without which such injury would not have happened.
>
> There may be more than one proximate cause of an injury.

Instruction 17. The trial court did not err in refusing Western's instruction on the last clear chance doctrine. Affirmed.[2]

CORBETT, A.C.J., and COLEMAN, J., concur.

Reconsideration denied January 16, 1985.

Review denied by Supreme Court April 5, 1985.

---

[2]A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.