**Charles ROGGOW, Plaintiff,**

**v.**

**MINERAL PROCESSING CORP., NEEDMORE PROCESSING DIVISION, Defendant.**

**No. NA 87–52–C.**

United States District Court, S.D. Indiana, New Albany Division.

Oct. 25, 1988.

Harry F. Mooney, Moot & Sprague, Buffalo, N.Y., Michael G. Naville, Lorch & Naville, New Albany, Ind., for plaintiff.

William H. Kelley, Bunger, Robertson, Kelley & Steger, Bloomington, Ind., for defendant.

## MEMORANDUM ENTRY

J. PATRICK ENDSLEY, United States Magistrate.

This cause is before the Court on plaintiff's motion for new trial, memorandum in support, defendant's response and plaintiff's supplemental memorandum. This is a personal injury action tried before a jury under the Indiana Comparative Fault Act. Ind.Code § 34–4–33–1, *et seq.*

### Facts

Plaintiff, Charles Roggow, was employed as a long distance truck driver out of Buffalo, New York. Part of Mr. Roggow's duties included delivering scrap aluminum to a processing plant owned by the Mineral Processing Corporation—Needmore Processing Division ("Needmore"), which is located in Needmore, Indiana.

On February 26, 1986, after delivering a load of aluminum, Mr. Roggow was to pick up an unloaded trailer. Needmore had apparently failed to secure the header bar of the trailer. Consequently, Mr. Roggow had to fasten the bar before leaving the facility. (The header bar secures the sides of the trailer in order that they do not vibrate and damage the trailer.)

The pin to secure the header bar must be set in place at the very top of the sides of the trailer. The evidence indicated there was no ladder available to use. Consequently, Mr. Tracy Phillips, an employee of Needmore, obtained a highloader and brought it over to the truck. Mr. Roggow proceeded to step into the bucket of the highloader so that Mr. Phillips could raise the bucket off the ground and enable Mr. Roggow to reach the header bar atop the truck. Needmore's employees had used the highloader on previous occasions in a similar manner, allowing other persons to enter the bucket and be lifted eight to ten (8–10) feet off the ground.

After plaintiff had fastened the header bar, Mr. Phillips started to lower the bucket when his sleeve caught the dump lever of the highloader, causing the bucket to overturn and dump Mr. Roggow approximately nine (9) feet onto a concrete floor. As a result of the fall, Mr. Roggow sustained fractures in both wrists and a compression fracture in two vertebrae.

Thereafter, on March 20, 1987, plaintiff initiated this diversity action by the filing of his complaint against defendant in the United States District Court, Southern District of Indiana, New Albany Division. On March 9, 1988, this matter was referred by the Honorable Sarah Evans Barker to the undersigned Magistrate pursuant to the Federal Magistrates Act of 1979, 28 U.S.C. § 636(c). Following a two-day trial, the jury returned the following verdict, to-wit:

> We, the Jury, find that the plaintiff's fault was 50% or less of the total fault involved in the accident which caused plaintiff's injuries and damages. We find for the plaintiff, CHARLES ROGGOW, and against the defendant MINERAL PROCESSING CORP., NEEDMORE PROCESSING DIVISION, and assess the percentage of fault as follows:
>
> | | |
> |---|---|
> | For the plaintiff, Charles Roggow | 40% |
> | For the defendant, Mineral Processing Corp., Needmore Processing Division | 60% |
> | TOTAL | 100% |
>
> We, the Jury, find that the total amount of damages that the plaintiff, CHARLES ROGGOW, is entitled to recover is $80,000 total damages.
>
> We, the Jury, find for the plaintiff, Charles Roggow, and against the defendant, MINERAL PROCESSING CORP., NEEDMORE PROCESSING DIVISION, in the sum of 60% (defendant's) times ($\times$) $80,000 total damages equals (=) $48,000.

The Court granted plaintiff's counsel thirty (30) days to file their Rule 59 motion and on August 15, 1988, plaintiff filed his motion for new trial. Plaintiff raises four (4) grounds in support of his motion. Plaintiff first raises the adequacy of the jury's award. The remaining three (3) grounds concern the Court's jury instructions. The Court will address each ground *seriatim*.

### Adequacy of Damage Award

In his memorandum, plaintiff describes the jury's assessment of his damages as "unconscionable and unjust." (Plaintiff's memorandum, p. 14) Furthermore, he adds, "It would be a gross and grievous miscarriage of justice to permit that award to stand." *Id.*

The Court would first note that plaintiff does not challenge the jury's determination regarding plaintiff's percentage of fault. Consequently, the focus of our inquiry is solely on the jury's finding of Eighty Thousand Dollars ($80,000.00) in total damages.

Plaintiff correctly states that motions for new trial on the basis of damages are determined by a federal standard of review in the federal courts. "Federal, not state, law delineates the standards governing grant or denial of a motion for a new trial." *Wiedemann v. Galiano*, 722 F.2d 335, 337 (7th Cir.1983); *see also General*

*Foam Fabricators v. Tenneco Chemicals, Inc.*, 695 F.2d 281, 288 (7th Cir.1982).

██ "A motion for a new trial on the ground of inadequate or excessive damages is addressed to the discretion of the trial court." *Galard v. Johnson*, 504 F.2d 1198, 1199 (7th Cir.1974). Indeed, damages assessed by a jury are largely discretionary with it and should not be idly disregarded. *Id.* at 1200.

> Damages assessed by a jury are not to be set aside unless shocking to the judicial conscience or so grossly inadequate as to constitute a miscarriage of justice, or unless the jury's award indicates caprice or mistake or a clear abuse of its factfinding discretion or the clear influence of partiality, corruption, passion, prejudice, or a misconception of the law.

*Tann v. Service Distributors, Inc.*, 56 F.R. D. 593 (E.D.Penn.1972) *aff'd* 481 F.2d 1399 (3d Cir.1973) (citations omitted). The Court should decline to interfere with the jury's verdict unless the amount is so small as to indicate that the jury must have been under the influence of passion, prejudice or gross mistake. *T.D.S., Inc. v. Shelby Mutual Insurance Co.*, 760 F.2d 1520, 1530 (11th Cir.1985). Applying these principles to the facts of the case at bar, we note the following facts adduced at trial.

Both Mr. Roggow and Needmore stipulated prior to trial that the reasonable and necessary medical expenses incurred by plaintiff amounted to Twenty Thousand Six Hundred Sixty–One Dollars and Seventy–Nine Cents ($20,661.79). Furthermore, there was evidence to suggest that plaintiff lost wages totaling somewhere between Forty Thousand ($40,000.00) and Fifty–Eight Thousand ($58,000.00) Dollars for the period of February, 1986 through June, 1988.

Given the speculative nature of plaintiff's lost wages, this Court cannot say, as a matter of law, that the jury's assessment that plaintiff suffered Eighty Thousand Dollars ($80,000.00) in damages is "so unreasonable that it would be unconscionable to permit it to stand." 11 Wright & Miller, *Federal Practice and Procedure* § 2807 (1973). Indeed, there is nothing in the jury's verdict to suggest the members of the jury were under the influence of passion, prejudice or gross mistake. *T.D.S., Inc.*, 760 F.2d at 1530. Consequently, a new trial will not be granted on the basis of inadequacy of damages.

*Jury Instructions*

██ Plaintiff next alleges that the Court erred in failing to give three (3) tendered jury instructions. In particular, plaintiff states it was error on the part of the Court not to instruct the jury on the last clear chance doctrine, superseding and intervening cause, and the plaintiff's right to assume defendant would exercise due care.

The Court first notes that this matter was tried under Indiana's Comparative Fault Act. Ind.Code § 34–4–33–1, *et seq.* Prior to the enactment of comparative fault, Indiana followed the common law rule of contributory negligence. This antiquated "all-or-nothing" rule totally bars a plaintiff from recovering damages for injuries if he is guilty of negligence, albeit slight. During the twentieth century, common law doctrines were developed to alleviate the harsh results of contributory negligence. The doctrine of last clear chance and superseding and intervening cause are two of these exceptions. Yosha, *Overview and Analysis of Comparative Fault in Indiana*, in Indiana's Comparative Fault Act XII–1 (1984). Plaintiff now invites the Court to determine the applicability of these exceptions to contributory negligence under Indiana's Comparative Fault Act even though the statute is silent and no Indiana court of review has yet passed on these issues. Because no Indiana state court has addressed this issue in a published opinion, this federal court must determine as a matter of first impression how the highest court in Indiana would decide this issue if it were presented with the question. *Gray v. Chacon*, 684 F.Supp. 1481 (S.D.Ind.1988) (Barker, J.).

Under the Indiana Comparative Fault Act, neither assumed risk nor incurred risk are available as absolute defenses for the defendant. Specifically, both "unreasonable assumption of risk not constituting an

enforceable express consent" and "incurred risk" are factors to be considered by the factfinder when weighing the fault attributable to the individual actors. Ind.Code § 34–4–33–2(a).

Similarly, by its definition in the Act, "fault" necessarily includes the factors which make up last clear chance and superseding and intervening cause. *Id.* Specifically, the Indiana Legislature chose to define "fault" in the following manner, to-wit:

> (a) As used in this chapter: "Fault" includes any act or omission that is negligent, willful, wanton, or reckless toward the person or property of the actor or others, but does not include an intentional act. The term also includes unreasonable assumption of risk not constituting an enforceable express consent, incurred risk, and unreasonable failure to avoid an injury or to mitigate damages.

*Id.*

■ Consequently, just as assumed risk or incurred risk are no longer available to completely excuse the negligence of the defendant, so too, this Court believes, are the doctrines of last clear chance and superseding and intervening cause no longer available to completely excuse the negligence of the plaintiff. Indeed, the definitions of superseding and intervening cause necessarily suggest the intervention of a third party or independent agency which excuses the negligent acts of an antecedent tort-feasor. Black's Law Dictionary 736, 1289 (5th ed. 1979). Even assuming, *arguendo*, that the doctrines of superseding and intervening cause do survive under comparative fault in Indiana, there is no evidence in the case at bar that plaintiff's injuries were caused by the acts of a third party or independent agency.

■ Accordingly, this Court concludes that, if given the opportunity, the Indiana Supreme Court would hold that any of the ameliorative common law doctrines designed to lessen the harsh results of contributory negligence no longer are applicable under the statutory scheme of the Indiana Comparative Fault Act.

The whole last clear chance doctrine is only a disguised escape, by way of comparative fault, from contributory negligence as an absolute bar and serves no useful purpose in jurisdictions which have enacted apportionment [comparative fault] statutes.... Every vestige of last clear chance must be swept away in favor of apportionment.

MacIntyre, LIII Harv.L.Rev. 1225, 1251–52 (1940).

This conclusion is also in accord with the holdings and statutes from a majority of states who have addressed this issue. *See Armstrong v. Industrial Electric & Equipment Service,* 97 N.M. 272, 639 P.2d 81 (App.1981) (Where fault can be apportioned, courts will not find remote, intervening or superseding causes of the plaintiff's damages.); *Kaatz v. State,* 540 P.2d 1037 (Alaska 1975); *Li v. Yellow Cab Co. of California,* 13 Cal.3d 804, 119 Cal.Rptr. 858, 532 P.2d 1226 (1975); *Burns v. Ottati,* 513 P.2d 469 (Colo.App.1973); Connecticut Gen.Stat. § 52–572h(1) (1987); *Hoffman v. Jones,* 280 So.2d 431 (Fla.1973); *Alvis v. Ribar,* 85 Ill.2d 1, 52 Ill.Dec. 23, 421 N.E.2d 886 (1981); *Cushman v. Perkins,* 245 A.2d 846 (Me.1968); *Gustafson v. Benda,* 661 S.W.2d 11 (Mo.1983); *Davies v. Butler,* 95 Nev. 763, 602 P.2d 605 (1979); *Scott v. Rizzo,* 96 N.M. 682, 634 P.2d 1234 (1981); *Dominguez v. Manhattan & Bronx Surface Transit Operating Authority,* 46 N.Y.2d 528, 388 N.E.2d 1221, 415 N.Y.S.2d 634 (1979) (Suggesting doctrine of last clear chance would not apply after effective date of comparative negligence law.); *Mitchell v. Ross,* 14 Ohio App.3d 75, 470 N.E.2d 245 (1984); Oregon v. Rev. Stat. § 18.475(1) (1975); *Cunningham v. Western Liquid Propane Gas Service, Inc.,* 39 Wash.App. 185, 693 P.2d 123 (1984); *Danculovich v. Brown,* 593 P.2d 187 (Wyo. 1979). *Contra, Seaboard Coast Line R. Co. v. Daugherty,* 118 Ga.App. 518, 164 S.E.2d 269 (1968), *cert. denied,* 397 U.S. 939, 90 S.Ct. 950, 25 L.Ed.2d 120; *Bezdek v. Patrick,* 170 Neb. 522, 103 N.W.2d 318 (1960); *Wilson v. Great Northern Ry. Co.,* 83 S.D. 207, 157 N.W.2d 19 (1968); *London v. Stepp,* 56 Tenn.App. 161, 405 S.W.2d 598

**1446**

(1965); *Bradley v. Appalachian Power Co.,* 163 W.Va. 332, 256 S.E.2d 879 (1979).

■ Plaintiff's last point of error concerns the Court's denial of plaintiff's tendered instruction number 7 which reads as follows, to-wit:

> With respect to issues of negligence and contributory negligence the Plaintiff had a right to assume that the Defendant would exercise due care in the Defendant's conduct toward him until Mr. Roggow had notice to the contrary. Mr. Roggow was not required to anticipate the negligence of the defendant, if any.

"The trial court's jury instructions must be considered as a whole and complaints of an omission in the instruction must be evaluated against the framework of the entire charge." *Caillouette v. Baltimore & Ohio Chicago Terminal R.R. Co.,* 705 F.2d 243, 248 (7th Cir.1983) (citations omitted). *See also Simmons, Inc. v. Pinkerton's, Inc.,* 762 F.2d 591, 597 (7th Cir.1985) (An error in refusing to give a particular instruction will not be considered reversible error unless it appears the jury was mislead or did not have a sufficient understanding of the issues and its duty to determine them.)

After carefully reviewing the jury instructions as a whole, the Court concludes that the jury was adequately instructed on the duty of due care on the part of both parties. Consequently, failure to give plaintiff's tendered instruction was not error in this case.

Accordingly, plaintiff's motion for new trial is hereby denied. IT IS SO ORDERED.