803 P.2d 119

**Heidi Leigh DYKEMAN, a minor, By and Through her guardian ad litem, Richard DYKEMAN, Plaintiff–Appellant,**

v.

**Dan Lee ENGELBRECHT, a single man; Gary Jolley and Jane Doe Jolley, husband and wife, Defendants–Appellees.**

Nos. 1 CA–CV 89–097, 1 CA–CV 89–128.

Court of Appeals of Arizona, Division 1, Department D.

Aug. 16, 1990.

Rehearing Denied Jan. 23, 1991.

Gilcrease & Martin by Glynn W. Gilcrease, Jr., Tempe, for plaintiff-appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.A. by Steven D. Smith, Tony J. Rudman, Phoenix, for defendants-appellees.

## OPINION

VOSS, Presiding Judge.

Appellant/Plaintiff Heidi Leigh Dykeman appeals from a jury verdict finding her 60 percent at fault and apportioning damages accordingly. She raises the following issues on appeal: [1]

1. Did the trial court err by refusing to instruct the jury on the last clear chance doctrine?

2. Did the trial court err by refusing to instruct the jury regarding defendant's speed and A.R.S. § 28–701A?

3. Did the trial court improperly comment on the evidence when it told the jury that criminal charges against defendant had been dismissed?

4. Was defense counsel's reference to the dismissed charges, made during clos-

---

**1.** At oral argument plaintiff withdrew her argument that the trial court erred in allowing the jury to apportion damages because there was no evidence of contributory negligence.

ing argument, so prejudicial to plaintiff as to warrant a new trial?

## FACTS

Plaintiff, a passenger on a motorcycle driven by defendant, was injured when the motorcycle hit a curb during a turn. Defendant contended that plaintiff jerked and improperly shifted her weight during the turn, causing the accident. Both plaintiff and defendant had been drinking alcoholic beverages. It is undisputed that plaintiff was very intoxicated at the time of the accident, and that defendant had a blood alcohol content of .128 two hours after the accident.

Prior to trial the court granted a defense motion *in limine* prohibiting plaintiff from making any reference to traffic citations defendant received as a result of the accident. During trial however, in response to a question posed by plaintiff's counsel, a police officer testified that he arrested defendant—implying that the arrest was because defendant had been driving while intoxicated. Defendant objected and the court told the jury to disregard the testimony. After lengthy discussion between both counsel and the judge, the court informed the jury that the charges against defendant had been dismissed. Plaintiff objected to the court's instruction, arguing that it was an improper comment on the evidence.

During closing argument, defendant's counsel argued that there was no evidence that defendant was intoxicated at the time of the accident. He argued that the results of the breath test taken two hours after the accident were not reflective of the defendant's blood alcohol content at the time of the accident. He asked the jury the rhetorical question: "Is that the reason the charges were dismissed?" Plaintiff objected to that statement.

Plaintiff also objected to the trial court's refusal to give the jury instructions regarding the last clear chance doctrine and the applicability of A.R.S. § 28–701(A), which requires that drivers control the speed of their vehicles.

## LAST CLEAR CHANCE

■ Plaintiff contends that the trial court erred by refusing to give the jury an instruction regarding the last clear chance doctrine. She argues that defendant had the last clear chance to avoid the accident when he allowed her to get on the motorcycle in an inebriated condition. Defendant asserts that last clear chance is not applicable, and, in any event the doctrine was effectively abolished by the enactment of A.R.S. § 12–2505, the comparative negligence statute in Arizona.

Prior to the enactment of Arizona's comparative negligence statute, a contributory negligence defense could preclude a plaintiff, whose own negligence contributed in any degree to his injury, from recovering from a negligent defendant. *Hall v. A.N.R. Freight System, Inc.*, 149 Ariz 130, 717 P.2d 434 (1986); *Cheney v. Arizona Superior Court for Maricopa County*, 144 Ariz. 446, 698 P.2d 691 (1985). The last clear chance doctrine was judicially created to alleviate the harshness of the contributory negligence rule. *Kaatz*, 540 P.2d 1037, 1050 (Alaska 1975), *citing Davies v. Mann*, 152 Eng.Rep. 588 (1842). Arizona recognized this doctrine. *Casey v. Marshall*, 64 Ariz. 232, 168 P.2d 240 (1946). The doctrine provides that a contributorily negligent plaintiff may recover from a negligent defendant if:

1) The plaintiff could not have avoided the injury after he negligently subjected himself to risk of harm;

2) The defendant knew or should have known of the plaintiff's perilous situation; and,

3) The defendant had the last clear chance to avoid the harm by the exercise of reasonable care and failed to do so.

*Odekirk v. Austin*, 90 Ariz. 97, 366 P.2d 80 (1961). The doctrine has been criticized because of the confusion it creates in the law of torts. *Kaatz* at 1050.

In 1984 our state legislature enacted the Uniform Contribution Among Tortfeasors Act, A.R.S. §§ 12–2501 to 12–2509. This legislation established comparative negligence in Arizona. The statute provides:

A.R.S. § 12–2505

The defense of contributory negligence or of assumption of risk is in all cases a question of fact and shall at all times be left to the jury. If the jury applies either defense, the claimant's action is not barred, but the full damages shall be reduced in proportion to the relative degree of the claimant's fault which is a proximate cause of the injury or death, if any.

Under this statute a negligent plaintiff is not prohibited from recovering from a negligent defendant; instead his award is reduced by the percentage of his own fault.

Plaintiff asserts that last clear chance remains a viable doctrine despite Arizona's adoption of comparative negligence. We disagree and agree with the jurisdictions that have found that the last clear chance doctrine is superfluous in a comparative negligence system. *See* Annotation, *Comparative Negligence Doctrine*, 78 A.L.R.3d 339 (1977).[2]

The last clear chance doctrine was specifically created to enable a negligent plaintiff to recover from a negligent defendant in a contributory negligence system. However, its application in a comparative negligence system would directly contravene the intent of the statute because it provides complete recovery to a negligent plaintiff rather then apportioning recovery based upon degrees of fault. *Kaatz* at 1050. An instruction on the doctrine, then, would misstate the law and confuse the jury. As with any other evidence, the plaintiff may still argue the factors important to the application of the last clear chance doctrine to the jury and the jury may consider those factors in apportioning fault.

Additionally, the doctrine is unnecessary in a comparative negligence system. By definition, comparative negligence avoids the harshness inherent in an all-or-nothing contributory negligence system because it "distribute[s] responsibility, in proportion to the degree of fault attributable to the parties who have negligently caused an injury." *Kaatz* at 1047. A comparative negligence system, then, accomplishes the same result as the last clear chance doctrine as it enables a negligent plaintiff to recover from a negligent defendant. The trial court correctly refused the instruction.

We note that at least one jurisdiction views the last clear chance doctrine as a rule of proximate cause, compatible with comparative negligence. We decline to adopt this interpretation. *See Vlach v. Wyman*, 78 S.D. 504, 104 N.W.2d 817 (1960).

We do not agree with the plaintiff's assertion that it is for the legislature to abolish the last clear chance doctrine. The legislature *has* acted to abolish the doctrine by its adoption of comparative negligence. Moreover, the doctrine was judicially created and may be judicially abolished. *See Kaatz* at 1049; *Li v. Yellow Cab Co.*, 13 Cal.3d 804, 119 Cal.Rptr. 858, 532 P.2d 1226 (1975).

## SPEEDING INSTRUCTION

Plaintiff next argues that the trial court erred by refusing to give her requested instruction on speeding. Plaintiff asserts that A.R.S. § 28–701(A) pertains to loss of control of a vehicle as well as excessive speed. She contends that because she presented evidence that defendant lost control of the motorcycle, A.R.S. § 28–701(A)

---

2. *E.g., Kaatz v. State*, 540 P.2d 1037 (Alaska 1975); *Li v. Yellow Cab*, 13 Cal.3d 804, 119 Cal.Rptr. 858, 532 P.2d 1226 (1975); *Burns v. Ottati*, 513 P.2d 469 (Colo.App.1973); *Hoffman v. Jones*, 280 So.2d 431 (Fla.1973); *Seaboard Coastline R. Co. v. Daugherty*, 118 Ga.App. 518, 164 S.E.2d 269 (1968); *Roggow v. Mineral Processing Corp.*, 698 F.Supp. 1441 (S.D.Ind.1988); *Cushman v. Perkins*, 245 A.2d 846 (Me.1968); *Callesen v. Grand Truck Western R.R. Co.*, 175 Mich.App. 252, 437 N.W.2d 372 (1989); *Davies v. Butler*, 95 Nev. 763, 602 P.2d 605 (1979); *Scott v. Rizzo*, 96 N.M. 682, 634 P.2d 1234 (1981); *Dominguez v. Manhattan & Bronx Surface Transit Operating Authority*, 46 N.Y.S.2d 528, 415 N.Y.S.2d 634, 388 N.E.2d 1221 (1979); *Mitchell v. Ross*, 14 Ohio App.3d 75, 470 N.E.2d 245 (1984); *Spearing v. Starcher*, 367 Pa.Super. 22, 532 A.2d 36 (1987); *French v. Grigsby*, 571 S.W.2d 867 (Texas 1978); *Dixon v. Stewart*, 658 P.2d 591 (Utah 1982); *Cunningham v. Western Liquid Propane Gas Service, Inc.*, 39 Wash.App. 185, 693 P.2d 123 (1984); *Britton v. Hoyt*, 63 Wisc.2d 688, 218 N.W.2d 274 (1974); *Danculovich v. Brown*, 593 P.2d 187 (Wyo.1979).

is applicable and the trial court should have instructed the jury regarding the statute.

Plaintiff misreads the statute, which provides in pertinent part:

*[S]peed* shall be so controlled as may be necessary to avoid colliding with any object, person, vehicle....

(Emphasis added.) The statute requires that speed be controlled. It does not apply to every loss of control of a vehicle. If so, it would be applicable to every motor vehicle accident, regardless of the circumstances. Plaintiff presented no evidence regarding the defendant's speed, therefore the trial court did not abuse its discretion by refusing the instruction.

## COMMENT ON THE EVIDENCE

 Plaintiff next argues that the trial judge improperly commented on the evidence when he told the jury that the charges against the defendant had been dismissed.

"To constitute a comment on the evidence, the court must express an opinion as to what the evidence shows or what it does not show." *Jones v. Munn*, 140 Ariz. 216, 221, 681 P.2d 368, 373 (1984). This court will only reverse if the comment prejudiced the party who opposed it. *Id.* A comment is prejudicial if there is a reasonable probability that a different verdict might have been reached but for the comment. *Id.*

The court's statement here was not a comment on the evidence because the trial judge did not express an opinion as to what the evidence meant. Instead he gave the jury additional information to insure they were not misled by the police officer's testimony. As such, this was simply a corrective instruction attempting to rectify a situation created by plaintiff's own counsel. In any event, plaintiff has made no showing that there was a reasonable probability that a different verdict might have been reached had the court not told the jury that the charges against defendant had been dismissed.

## CLOSING ARGUMENT

 Finally, plaintiff argues that defendant's counsel prejudicially influenced the jury when he suggested that the charges against defendant might have been dismissed because defendant was not intoxicated at the time of the accident. She contends that counsel, by his remarks, intimated to the jury that the trial court was "vouching" for defendant, citing *Sanchez v. Stremel*, 95 Ariz. 392, 391 P.2d 557 (1964). We disagree. In *Sanchez*, the plaintiff's counsel told the jury that the court would have directed a verdict if it felt there was insufficient evidence of negligence. This was clearly prejudicial to defendant. Here, defense counsel simply suggested to the jury an alternative interpretation of facts in the record. He did not imply that the court agreed with his interpretation.

Plaintiff also contends that defendant's counsel was arguing facts not in the record. Counsel may submit to the jury any reasonable inference that may be drawn from the evidence. *Grant v. Arizona Public Service Co.*, 133 Ariz. 434, 652 P.2d 507 (1982). The evidence in the record included the fact that the charges had been dismissed. Defendant's counsel was merely suggesting to the jury a reason that the charges were dismissed.

The trial court cannot be said to have abused its discretion unless "the record clearly establishes that the improper conduct caused the jury to return a verdict which was the result of passion and prejudice." *Id.* at 452, 652 P.2d 507. Here the plaintiff did not establish that the jury's verdict was in any way affected by defense counsel's comment. Therefore, even if the comment was improper, it was not prejudicial and, accordingly, not grounds for reversal.

Affirmed.

BROOKS and LANKFORD, JJ., concur.