897 P.2d 1381

Andrew J. WAREING, a single man, Defendant/Cross-defendant-Appellant,

v.

Gary R. FALK, a married man, individually, Defendant/Cross-claimant-Appellee.

No. 1 CA–CV 92–0517.

Court of Appeals of Arizona, Division 1, Department A.

Feb. 9, 1995.

Review Denied July 11, 1995.

Teilborg, Sanders & Parks, P.C. by Stephen Paul Forrest and Bruce C. Smith, Phoenix, for appellant.

Van O'Steen and Partners by Paul Englander, Phoenix, for appellee.

## OPINION

TOCI, Judge.

This appeal presents one issue: under Arizona's Uniform Contribution Among Tortfeasors Act ("UCATA"), may a defendant who has engaged in wilful or wanton misconduct receive the benefit of comparative fault principles, thus reducing the negligent claimant's recovery?

We hold that because wilful or wanton misconduct is a degree of negligence in Arizona, and because the UCATA defines fault as "negligence in all of its degrees," the UCATA permits apportionment of fault between a negligent claimant and a wilful or wanton defendant. Accordingly, we reverse and remand to the trial court with directions to reduce the judgment by the percentage of fault attributable to appellee Gary Falk.

## I. FACTS AND PROCEDURAL HISTORY

Sharon Kereny–Falk sued both Falk, the driver of a vehicle in which Kereny–Falk was a passenger, and Andrew Wareing, the driver of a second vehicle, for damages caused on February 25, 1990, when their vehicles collided. Falk and Wareing each filed cross-claims for damages. The case was subject to compulsory arbitration. The arbitrator awarded damages to Kereny–Falk, finding Falk 35 percent at fault and Wareing 65 percent at fault.[1] In ruling on the cross-claims, the arbitrator held that Wareing was liable for 100 percent of Falk's damages and that Falk was not liable for any of Wareing's damages. The arbitrator reached this conclusion because he found that Wareing's conduct was "wilful and wanton." The arbitrator concluded that Arizona law barred the application of comparative negligence principles to such conduct on either of the cross-claims.

Wareing appealed the arbitrator's ruling on Falk's cross-claim to the superior court. The parties filed cross-motions for summary judgment on stipulated facts as found by the arbitrator. Specifically, the parties stipulated that: (1) both drivers were negligent; (2) Falk was 35 percent at fault and Wareing was 65 percent at fault; and (3) Falk was negligent in making an improper lane change, while Wareing's conduct constituted wilful or wanton misconduct because he was driving at a high rate of speed while legally intoxicated. The only issue before the trial court was whether the ordinary negligence of Falk could be compared with the wilful or wanton misconduct of Wareing in determining Falk's recovery.

The trial court agreed with the arbitrator that, as a matter of law, Falk's ordinary

negligence could not be compared with Wareing's wilful or wanton misconduct in determining Wareing's liability to Falk. Accordingly, the trial court entered judgment requiring Wareing to pay the full amount of Falk's damages. Wareing appeals.

## II. STANDARD OF REVIEW

■ The trial court's decision turned on its interpretation of Arizona's comparative negligence statutes. Statutory interpretation is an issue of law, and this court is not bound by the trial court's legal conclusions. *Blum v. State,* 171 Ariz. 201, 204, 829 P.2d 1247, 1250 (App.1992); *Walls v. Arizona Dep't of Pub. Safety,* 170 Ariz. 591, 594, 826 P.2d 1217, 1220 (App.1991). Thus, we consider the issue anew. *Do v. Farmers Ins. Co.,* 171 Ariz. 113, 115, 828 P.2d 1254, 1256 (App.1991).

## III. DISCUSSION

### A. The UCATA and the Common Law

■ Prior to the UCATA,[2] Arizona followed the common law in negligence actions. Under the common law doctrine of contributory negligence, if a plaintiff's own negligence, however slight, contributed to the plaintiff's injuries, the plaintiff could be barred from recovering any damages from a defendant whose negligence primarily caused the plaintiff's injuries.[3] *Dykeman v. Engelbrecht,* 166 Ariz. 398, 400, 803 P.2d 119, 121 (App.1990). Another doctrine, however, barred a wilful or wanton defendant from asserting the defense of contributory negligence ("wilful or wanton doctrine"). *See, e.g., Southern Pac. Transp. Co. v. Lueck,* 111 Ariz. 560, 562, 535 P.2d 599, 601 (1975). This

---

1. Kereny–Falk's claim on appeal from arbitration was settled and is not a part of this appeal.

2. Ariz.Rev.Stat.Ann. ("A.R.S.") § 12–2501 through –2509 (1994).

3. Under Ariz. Const. art. 18, § 5, 5, "The defense of contributory negligence ... shall, in all cases

whatsoever, be a question of fact and shall, at all times, be left to the jury." *Accord* A.R.S. § 12–2505(A). Thus, the jury may choose whether to apply the defense even if it concludes that the plaintiff's negligence did in fact contribute to the injury. *Layton v. Rocha,* 90 Ariz. 369, 370–71, 368 P.2d 444, 445 (1962).

and other doctrines like "last clear chance"[4] were adopted to combat the harshness of the bar of contributory negligence. *Scott v. Rizzo*, 96 N.M. 682, 634 P.2d 1234, 1239 (1981); *see also Dykeman*, 166 Ariz. at 400, 803 P.2d at 121; *Bielski v. Schulze*, 16 Wis.2d 1, 114 N.W.2d 105, 112–13 (1962).

After Arizona adopted the UCATA, thereby abolishing the common law bar of contributory negligence, the continued viability of these ameliorative doctrines was an open question. *Dykeman* provided an answer with respect to the last clear chance doctrine. There, the plaintiff, who was found 60 percent at fault at trial, argued on appeal that the trial court erred by not instructing the jury on the last clear chance doctrine. 166 Ariz. at 400, 803 P.2d at 121. The plaintiff reasoned that because the legislature did not specifically abolish the doctrine when it adopted the UCATA, the doctrine was still applicable. Rejecting that argument, we held that the UCATA implicitly abolished last clear chance. We concluded that last clear chance, because it was designed to soften the harshness of the common law bar of contributory negligence, was no longer necessary under a comparative negligence system. *Id.* at 401, 803 P.2d at 122. Additionally, we said that an instruction on last clear chance would "directly contravene" the UCATA's purpose of "apportioning recovery based upon degrees of fault." *Id.*

Falk argues that, unlike the last clear chance doctrine, the wilful or wanton doctrine survived the passage of the UCATA. Specifically, Falk argues that wilful or wanton misconduct differs in kind from negligent conduct. Thus, according to Falk, because the UCATA addresses only degrees of negligence, it did not abolish the wilful or wanton doctrine. We disagree.

We recognize that early Arizona Supreme Court decisions did not clearly define wilful or wanton misconduct. For example, in *Alabam Freight Lines v. Phoenix Bakery, Inc.*,

64 Ariz. 101, 110, 166 P.2d 816, 821 (1946), the court characterized wilful or wanton misconduct as "wanton negligence." In that decision, however, the court also stated that such conduct was an intentional wrong. *Id.* at 111, 166 P.2d at 821; *see also, Lueck*, 111 Ariz. at 563, 535 P.2d at 602 (alternately describing such conduct as "wanton negligence" and "intentional, wrongful conduct").

In 1979, however, the supreme court resolved the inconsistency by holding that wanton misconduct is a form of negligence. In *DeElena v. Southern Pacific Co.*, 121 Ariz. 563, 566, 592 P.2d 759, 762 (1979), the supreme court rejected an argument that wanton misconduct is a tort wholly separate from negligence. The court concluded, instead, that wanton misconduct is a type of negligence. The court labeled such negligence as "aggravated negligence." *Id.; accord Bauer v. Crotty*, 167 Ariz. 159, 166, 168, 805 P.2d 392, 399, 401 (App.1991) (holding that wilful or wanton misconduct is not "qualitatively distinct" from negligence and describing such misconduct as "wilful or wanton contributory negligence").

Many other states that define wilful or wanton misconduct as a form of negligence have adopted comparative negligence systems. The courts of these states have consistently recognized that "[u]nder comparative negligence, rules designed to ameliorate the harshness of the contributory negligence [doctrine] are no longer needed." *Scott*, 634 P.2d at 1239. Consequently, the decisions in these states have held that the adoption of comparative negligence abolished the wilful or wanton doctrine. *See, e.g., Billingsley v. Westrac Co.*, 365 F.2d 619, 623 (8th Cir.1966) (applying Arkansas law); *Li v. Yellow Cab Co.*, 13 Cal.3d 804, 119 Cal.Rptr. 858, 532 P.2d 1226, 1241 (1975); *Sorensen v. Allred*, 112 Cal.App.3d 717, 169 Cal.Rptr. 441, 446 (1980); *Martel v. Montana Power Co.*, 231 Mont. 96, 752 P.2d 140, 142–43 (1988); *Bielski*, 114 N.W.2d at 112–13.

For the opposite proposition, Falk cites several cases from other states holding that

---

**4.** This doctrine provided a complete recovery to a negligent plaintiff where the negligent defendant had the "last clear chance" to avoid causing injury. *See Dykeman*, 166 Ariz. at 401, 803 P.2d at 122.

the adoption of comparative negligence did not abolish the wilful or wanton doctrine. *See, e.g., Davies v. Butler,* 95 Nev. 763, 602 P.2d 605, 610 (1979); *Danculovich v. Brown,* 593 P.2d 187, 193 (Wyo.1979). These decisions, however, reached that result because the applicable statutes define wilful or wanton misconduct as a form of intentional conduct different in kind from negligence. *See Davies,* 602 P.2d at 610; *Krivijanski v. Union R.R. Co.,* 357 Pa.Super. 196, 515 A.2d 933, 936 (1986); *Danculovich,* 593 P.2d at 192–93. Furthermore, these cases acknowledge that under a comparative negligence system, all degrees of negligence, including gross negligence, may be compared. *See Davies,* 602 P.2d at 610–11; *Danculovich,* 593 P.2d at 192–93.

Our analysis of the cases from other states, and the reasoning of *Dykeman,* persuade us that, absent an expression of contrary intent, the legislature abolished the wilful or wanton doctrine by enacting the UCATA. "The thrust of the comparative negligence doctrine is to accomplish (1) apportionment of fault between or among negligent parties ... and (2) apportionment of the total damages resulting from such loss or injury in proportion to the fault of each party." *Scott,* 634 P.2d at 1240. In *Dykeman,* the supreme court held that the UCATA abolished the last clear chance doctrine because that doctrine conflicted with the objectives of comparative negligence. *See* 166 Ariz. at 401, 803 P.2d at 122.

The reasoning of *Dykeman* applies with equal force to the other common law doctrines adopted to combat the harshness of the contributory negligence doctrine. Jefferson L. Lankford & Douglas A. Blaze, *The Law of Negligence in Arizona* § 8.7, at 202 (1992), states:

> *Dykeman* appears to be a correct interpretation of the intended purpose of comparative negligence, which is to apportion responsibility in proportion to each party's fault. All of the doctrines which in the past ameliorated the all-or-nothing effect of contributory negligence are likely to be

declared obsolete in view of the allocative purpose of comparative [negligence].

Because in Arizona wilful or wanton conduct is simply a degree of negligence, we agree that the wilful or wanton doctrine conflicts with the purposes of comparative negligence. The question remains, however, whether the legislature expressed in the UCATA an intent to retain the wilful or wanton doctrine.

## B. Legislative Intent

Falk argues that the language of A.R.S. section 12–2505(A) implies a legislative intent to retain the wilful or wanton doctrine. The last sentence of that section provides, "[t]here is no right to comparative negligence in favor of any *claimant* who has intentionally, wilfully or wantonly caused or contributed to the injury or wrongful death." (Emphasis added.) Falk argues that this sentence implies that anyone—plaintiff or defendant—whose conduct was wilful or wanton is barred from the application of comparative negligence. We disagree.

The UCATA contains numerous provisions that bear on this issue. Section 12–2505(A), adopted in 1984, states that in a negligence action, if the jury applies the defense of contributory negligence:

> the claimant's action is not barred, but the full damages shall be reduced in proportion to the relative degree of the claimant's fault which is a proximate cause of the injury or death, if any. There is no right to comparative negligence in favor of any claimant who has intentionally, wilfully or wantonly caused or contributed to the injury or wrongful death.

1984 Ariz.Sess.Laws 237 (recited in the Historical and Statutory Notes to A.R.S. § 12–2505 (1994)). Additionally, section 12–2506(C), which was numbered as section 12–2506(A) in 1984, states:

> The relative degree of fault of the *claimant,* and the relative degrees of fault of all *defendants* ... shall be apportioned as a whole at one time by the trier of fact. If two or more *claimants* have *independent*

*claims,* a separate determination and apportionment of the relative degrees of fault of the respective parties ... shall be made with respect to each of the independent claims.

(Emphasis added.) Finally, section 12–2507 states, "A counterclaim or cross claim ... shall be treated as an *independent claim....*" (Emphasis added.)

■ The above provisions clearly demonstrate that the legislature intended to distinguish between a "claimant"—one who asserts a claim for damages, and a "defendant"—one who is defending against such a claim. Section 12–2505(A) describes a claimant as a person bringing a claim for damages. Section 12–2507 defines counterclaims and cross-claims as independent claims, and section 12–2506(C) distinguishes defendants from claimants having independent claims. It follows, then, that the term "claimant" includes plaintiffs and defendants who assert counterclaims and cross-claims for damages but excludes defendants who merely defend a claim. We conclude, therefore, that by using the term "claimant" in section 12–2505(A), the legislature was referring to those claimants who are seeking damages and not those who are defending such claims.

Our conclusion is founded in logic. If the legislature had intended to retain the wilful or wanton doctrine in section 12–2505(A), it could have inserted the term "any person" or the term "any party" in the last sentence. Thus, section 12–2505(A) would then have read: "There is no right to comparative negligence in favor of any [party] who has intentionally, wilfully or wantonly caused or contributed to the injury or wrongful death." Instead, the legislature used the term "claimant" in the last sentence of section 12–2505(A). The legislature could not have intended the word "claimant" to refer to all defendants because that term is defined in the UCATA as including only certain classes of defendants—those with counterclaims or cross-claims *for damages.*

■ Furthermore, the provisions of section 12–2506 that were added in 1987 indicate a legislative intent that the statute apply to all defendants who have engaged in varying degrees of negligent conduct. Subsection (A) states in part:

Each defendant is liable only for the amount of damages allocated to that defendant in direct proportion to that defendant's percentage of fault.... To determine the amount of judgment to be entered against each defendant, *the trier of fact shall multiply the total amount of damages recoverable by the plaintiff by the percentage of each defendant's fault, and that amount is the maximum recoverable against the defendant.*

1987 Ariz.Sess.Laws 1 (recited in the Historical and Statutory Notes to A.R.S. section 12–2506 (1994)) (emphasis added). In subsection (F)(2), the legislature defined "fault" to mean "an actionable breach of legal duty ... including *negligence in all of its degrees....*" (Emphasis added.)

■ Because wilful or wanton misconduct is defined as a degree of negligence in Arizona, such misconduct must be considered a form of "fault" within the meaning of A.R.S. section 12–2506. It is well settled that the legislature is presumed to know existing law when it enacts a statute. *State v. Garza Rodriguez,* 164 Ariz. 107, 111, 791 P.2d 633, 637 (1990); *Daou v. Harris,* 139 Ariz. 353, 357, 678 P.2d 934, 938 (1984). We must presume, therefore, that the legislature knew that the Arizona Supreme Court had defined wilful or wanton misconduct as a degree of negligence. Because the legislature made defendants liable for only their apportioned fault, and because the legislature defined "fault" to include "negligence in all of its degrees," comparative fault principles must apply to the wilful or wanton misconduct of a defendant. *See* Lankford & Blaze, *supra,* § 5.1(2)(e), at 78 ("Wanton conduct by the defendant ... is simply considered by the jury as part of its fault allocation.").

■ We conclude, therefore, that while section 12–2505(A) of the UCATA explicitly bars a wanton plaintiff, counter-claimant, or cross-claimant from the right to comparative

fault, section 12–2506 of the UCATA allows a person defending a claim to seek a reduction in liability based on the claimant's comparative fault even if the defendant acted wilfully or wantonly.

Falk argues that the better policy would be to preclude both wanton claimants and wanton defendants from the benefits of comparative fault. Falk's argument is essentially premised on the assumption that it is unfair to treat wanton claimants differently than wanton defendants. Thus, Falk implicitly asserts that the legislature could not have intended this result. We conclude, however, that those provisions of the UCATA discussed above clearly demonstrate that the legislature intended that wanton defendants be treated differently than wanton claimants.

To support the view that the legislature may have intended to treat wanton plaintiffs and wanton defendants alike, Falk cites language in that part of the UCATA, A.R.S. section 12–2501(C), dealing with contribution among joint tortfeasors. The language of the statute provides, "There is no right of contribution in favor of any tortfeasor who the trier of fact finds has intentionally, wilfully or wantonly caused or contributed to the injury or wrongful death."

■ We find the language from section 12–2501 cited by Falk to be as narrow in its application as the language in section 12–2505(A), discussed above. The contribution portion of the UCATA, including A.R.S. section 12–2501(C), was enacted in 1984. 1984 Ariz.Sess.Laws 16. This part of the UCATA deals with contribution among defendants held jointly and severally liable. But, with a few exceptions not at issue here, joint and several liability was abolished by the 1987 amendments to the UCATA. A.R.S. § 12–2506(A), (D). Consequently, after the 1987 amendments, the contribution statutes rarely apply. *See Dietz v. General Elec. Co.,* 169 Ariz. 505, 510, 821 P.2d 166, 171 (1991). Thus, in *Dietz,* our supreme court held that a provision in the more recently enacted comparative fault portion of the UCATA prevailed over a conflicting provision in the older contribution portion of the UCATA. *Id.* For this reason, the language of A.R.S. section 12–2501 does not affect the comparative fault issue in this appeal.

Finally, Falk argues that his position is supported by the Recommended Arizona Jury Instructions ("RAJI") (Civil) 2d, Negligence 10. That instruction provides:

If you find that defendant wilfully or wantonly caused plaintiff's injury, you should determine the full amount of plaintiff's damages and enter that amount on the verdict form without regard to defendant's claim that plaintiff was at fault; you are not to determine relative degrees of fault.

Falk notes that the RAJI was prepared by a committee of the Arizona Supreme Court and approved by that court for use in the trial courts. He argues, therefore, that it provides persuasive authority that the wilful or wanton negligence of a defendant cannot be compared with the ordinary negligence of a plaintiff.

■ The RAJI, however, are not authoritative on Arizona law. The supreme court gave merely a "qualified" approval to the RAJI. This approval was not "an endorsement that the instructions were free from error." *See State v. Slemmer,* 170 Ariz. 174, 182 n. 9, 823 P.2d 41, 49 n. 9 (1991). A prefatory note in the volume of instructions warns courts and counsel that they should satisfy themselves in each case that the instructions are correct.

We find the cited instruction to be an incorrect statement of the law. This portion of the RAJI was a correct statement of the law when Arizona followed the common law rule that a wilful or wanton defendant may not assert the defense of contributory negligence to bar a plaintiff's recovery. Because we hold that the legislature abolished this rule by adopting comparative fault, this portion of the RAJI instruction should no longer be used.

## IV. CONCLUSION

We conclude that Wareing is entitled to compare his fault with that of Falk. Accord-

ingly, we reverse and remand to the trial court with directions to reduce Falk's judgment by the percentage of fault assessed to him.

JACOBSON, P.J., and CONTRERAS, J., concur.